THOMAS WILLIAMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HENRY K. S. WILLIAMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22452, 44252, 45814.   Promulgated October 28, 1930.

*Hugh C. Bickford, Esq., R. Kemp Slaughter, Esq.,* and *James L. Andrews, C. P. A.,* for the petitioners.

*J. L. Backstrom, Esq.,* for the respondent.

OPINION.

SMITH: The petitioners contend that all of the disputed amounts expended by them during the taxable years involved in connection with the adjudication of the claims for compensation for the property taken over by the city of New York are deductible from gross income as business expenses of those years. Henry K. S. Williams contends before the Board, however, that the only amount he is entitled to deduct from gross income of 1924 is the actual amount expended by him in that year, namely, $18,111.84, and not $47,448.07 as claimed on his return. The respondent opposes the deductions on the grounds—

(1) That the expenditures were not ordinary and necessary expenses incurred in carrying on a trade or business;

(2) That they were made in advance of or in proof of title and are therefore capital expenditures (see article 293, Regulations 62; article 292, Regulations 65) ;

(3) That even if considered as business expenses, none of the amounts are deductible in the petitioners' individual returns, since they were expended in part on behalf of other parties in interest and no proper basis for segregation of the amounts paid out in behalf of the petitioners' individual interests is provided.

The applicable statute is section 214 of the Revenue Acts of 1921 and 1924, which provides in part:

(a) That in computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

In *Kornhauser v. United States*, 276 U. S 145, the question before the court was whether a practicing attorney who had been in partnership was entitled to deduct from gross income legal expenses paid by him in defending a suit brought by a former partner who con-

tended that certain fees received by Kornhauser were in connection with business which had been done by the partnership while the former partner was a member of the firm. The alleged fees in fact consisted of stock in a corporation acquired subsequent to the dissolution of the partnership and not for services performed during its existence. The defense to the suit was successful and the Supreme Court held that the amount paid was a necessary expense incurred in connection with petitioner's business within the meaning of section 214(a)(1) of the Revenue Act of 1918. The court stated:

In the *Appeal of F. Meyer & Brother Co.*, 4 B. T. A. 481, the Board of Tax Appeals held that a legal expenditure made in defending a suit for an accounting and damages resulting from an alleged patent infringement was deductible as a business expense.

The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (*Appeal of Backer*, 1 B. T. A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of section 214(a), subd. 1, of the act. These rulings seem to us to be sound and the principle upon which they rest covers the present case. If the expense had been incurred in an action to recover a fee from a client who refused to pay it, the character of the expenditure as a business expense would not be doubted. * * *

In the proceedings at bar we are unable to perceive any close relationship between the amounts paid by the petitioners in the prosecution of their claims against the city of New York and any business carried on by the petitioners during the taxable years. We can not find that Henry K. S. Williams was engaged in any business during the years 1924 and 1925. He had retired from business and was living abroad. The only business that Thomas Williams was engaged in appears to have been in connection with the partnership of Ichabod T. Williams & Sons. The amounts paid by Thomas Williams in connection with the prosecution of the petitioners' claims were not charged upon the books of the partnership and, so far as the record shows, were not intimately connected with the business of the partnership. The respondent's contention is that the amounts paid by the petitioners in the prosecution of their claims against the city of New York were in the nature of capital expenditures and that as such they at most are deductible from the amount of the compensation paid by the city of New York to the petitioners upon the adjudication of their claims in 1927. Whether this be the correct theory for disallowing the deductions in the years under review, it is unnecessary for us to decide.

As pointed out by the Circuit Court of Appeals for the Second Circuit in *Commissioner* v. *Marshall Field*, 42 Fed. (2d) 820, expenses of the sort before the court in that case can be allowed as a

deduction only if the expense is clearly within "some statutory deduction." It further stated:

* * * We are to assume that the added security to Field, his power of immediate disposition and enjoyment over what in any case was eventually his, was a new asset, from whose value the fee must be deducted. Such refinements are too speculative to be workable in application; expenses of this sort must fall within those general costs of protecting one's property for which the statute makes no allowance.

We are of the opinion that the amounts claimed as deductions in the proceedings at bar are not "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." There is no other provision of the statute under which the deductions may logically be claimed. The disallowance of them by the respondent is therefore sustained.

*Judgments will be entered for the respondent.*