**DRIER v. HELVERING, Commissioner of Internal Revenue.**

**No. 6131.**

United States Court of Appeals for the District of Columbia.

Argued May 10, 1934.

Decided June 4, 1934.

Herman J. Galloway, of Washington, D. C., for petitioner.

E. Barrett Prettyman, Shelby S. Faulkner, Sewall Key, F. J. Wideman, J. L. Monarch, and Arnold Raum, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is a tax case. Petitioner, an American citizen, inherited in 1913 a certain property located in Saxony, which was seized by the German government during the war (1918), and sold on January 5, 1920, with the approval of the German government. Petitioner filed a claim with the Mixed Claims Commission, which resulted January 14, 1925, in an award to petitioner of $48,000, together with interest at the rate of 5 per cent. annually from January 5, 1920, to the date of payment. Pursuant to this award, petitioner on August 1, 1928, received $68,-782.70 from the United States Treasury, which that Department designated as follows: "A principal sum of $48,000 (before deducting ½ of 1% thereto, to wit—the sum of $240) and interest paid on account of said award in the sum of $21,128.34 (before deducting ½% thereto, to wit—$105.64)." The Board of Tax Appeals found as a fact that the property lost by petitioner "had a value of not less than $68,782.70 at the time it was acquired by the petitioner in 1913."

In a subsequent year, on a reconsideration, a revised and an additional award was made by the Mixed Claims Commission, but, as it is agreed it will be taken care of in the proper tax year, we do not need to notice it. The Commissioner made a deficiency assessment based upon the total sum received by petitioner under the award. Petitioner appealed to the Board of Tax Appeals, which held that the principal amount of the award, being merely a return of capital, was not gross income, but that the interest thereon was income, and should have been reported as such. The single question involved on the appeal is whether, under the Revenue Act of 1928 (26 USCA § 2001 et seq.), petitioner had any taxable income on account of the award until she had received more than the value of the property lost by her on account of seizure of the same by the German government. The applicable statutes are sections 11, 21, and 22 of the Revenue Act of 1928 (c. 852, 45 Stat. 795, c. 24 [sections 2011, 2021, 2022] title 26, USCA).

In the conclusion we have reached, we have left out of consideration the question

whether, under the rule announced in United States v. S. S. White Dental Mfg. Company, 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120 (which was a case involving losses claimed by reason of the seizure of property by Germany), it might not have been held that the entire amount of the award was income to the petitioner when received. The Commissioner, however, specifically states that that question is not involved in this petition for review. We mention it, therefore, merely in passing. Both the Commissioner and the petitioner agree that the single question for decision is the one we have already stated. But, wholly aside from the concession, we should be slow to say that, because petitioner did not claim a deduction equal to the total value of the property seized by Germany in the year it was seized, the total amount of reparation received by her under the American-German Treaty in a later year was income when received. We pass, therefore, to the query as stated.

On behalf of the Commissioner, we are told that, because the sum of $21,128.34 was denominated by the Commission and by the Treasury Department as interest, and because interest on judgments has been ordinarily held to be taxable as income, it follows as of course that the same rule should be applied in this case. Petitioner, on the other hand, asserts that the sum in question, though denominated interest, was in fact no more than a return of capital investment, because the entire sum received did not exceed the 1913 value of the property.

The Supreme Court has said that income is the gain derived from capital, from labor, or from both combined, and is to be taken to include profit gained through a sale or conversion of capital assets. Eisner v. Macomber, 252 U. S. 189, 207, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570. And likewise that the income tax law is concerned only with realized gains. Lucas v. American Code Company, 280 U. S. 445, 449, 50 S. Ct. 202, 74 L. Ed. 538, 67 A. L. R. 1010. This we take to mean that no income accrues unless there is gain or profit. Hence it is not every conversion of capital assets that produces income. "In order to determine whether there has been gain or loss, and the amount of the gain if any, we must withdraw from the gross proceeds an amount sufficient to restore the capital value that existed at the commencement of the period under consideration." Doyle v. Mitchell Bros. Co., 247 U. S. 179, 185, 38 S. Ct. 467, 469, 62 L. Ed. 1054.

As we have already seen, it is stipulated here that the value of petitioner's property at the time it was acquired by her was equal to the full sum received by her under the award of the Claims Commission. That award was final—it was intended to close the transaction and to fix the total compensation or reparation for petitioner's entire loss. It is perfectly obvious, therefore, that, whether one part of the sum be denominated principal and another part interest, the total sum received was sufficient only to restore the capital value that existed at the commencement of the period under consideration. This the Commissioner admits is true, and, since it is true, it seems to us to follow, in line with Doyle v. Mitchell Bros. Co., supra, that, without regard to what the payments are called, the inescapable conclusion is that in the transaction there was no realized gain, and hence no income. The Mixed Claims Commission, in making awards, applied the principle that, in the case of claims based on property taken, the measure of damages is the reasonable market value of the property as of the time and place of taking, plus the value of the use of such sum for the entire period during which the person whose property is taken is deprived of its use. Applying this rule, they determined "reparation" as a sum of money equal to the value of the property at the time of taking, plus 5 per cent. per annum to the date of payment. This was the principle adopted by the Supreme Court in S. A. L. Ry. v. U. S., 261 U. S. 299, 43 S. Ct. 354, 67 L. Ed. 664, in relation to property taken for public use, and the purpose was stated to be to place the owner in as good position as he would have been had not the property been taken. But in this case, as is stipulated, the aggregate of the two sums just equals the value of petitioner's property at the date of acquisition. She got only her original cost or value, and, since that is the test by which to determine gain or loss, it is obvious there was no profit and so no income. Goodrich v. Edwards, 255 U. S. 527, 41 S. Ct. 390, 65 L. Ed. 758. To hold otherwise would be to "enter into the refinements of lexicographers or economists"—to substitute form for substance—and to lose sight of the commonly understood meaning of the words. In this view, the Board's decision is wrong, and should be, and is reversed.

Reversed.

HITZ, Associate Justice, took no part in the decision of this case.