## AUTOMOBILE INS. CO. OF HARTFORD, CONN., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 444.

Circuit Court of Appeals, Second Circuit.
July 16, 1934.

Frank W. Ford, of New York City, for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and John G. Remey, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This appeal raises the question whether payments received by the petitioner on an award of the Mixed Claims Commission, United States and Germany, should be returned as income for the year in which the payment was actually received or for the year 1928 in which the entire amount of the award was accrued upon the petitioner's books and returned as income in its 1928 income tax return.

The petitioner is an insurance corporation, other than a life or mutual insurance company, with its principal office at Hartford, Conn. For the taxable years in question as well as for prior years, its books of account were kept upon the accrual basis, and it filed its income tax returns in accordance therewith. During the World War the petitioner suffered certain losses by the destruction of insured property by the German government. These losses were deducted from the petitioner's gross income for the years in which they accrued, and were the basis of claims against the German government which were finally allowed by the Mixed Claims Commission in the sum of $1,422,085.65. The petitioner accrued on its books of account for the year 1928, and in its annual statement for 1928 to the insurance commissioner of Connecticut and to the corresponding state officers in the other states in which it did business, and returned in its federal income tax return for 1928, the following amount representing the said award with interest thereon to January 1, 1928:

Total award of Commission...$1,422,085.65
Interest thereon to January 1,
   1928 ..................... 648,827.77

Total ................$2,070,913.42
Less ½ per cent. to be withheld
   by Treasury and legal ex-
   penses ................... 319,760.79

Amount accrued as income for
   1928 .....................$1,751,152.63

All payments received by the petitioner on account of said award during 1928 and subsequent years have been credited to an asset account set up on the petitioner's books as a result of the aforesaid accrual. These credits have been as follows:

1928  Total payments received..$691,887.60
      Less ½ per cent. and legal
        expenses ............ 107,242.59

      Credited "Mixed Claims
        Award" ..............$584,645.01

1929  Total payments received..$328,809.46
      Less ½ per cent. and legal
        expenses ............ 50,718.86

      Credited "Mixed Claims
        Award" ..............$278,090.60

1930  Total payments received..$190,830.72
      Less ½ per cent. and legal
        expenses ............ 29,435.64

      Credited "Mixed Claims
        Award" ..............$161,395.08

1931  Total payments received..$288,701.74
      Less ½ per cent. and legal
        expenses ............ 44,532.25

      Credited "Mixed Claims
        Award" ............$244,169.49

In determining the petitioner's income tax liability for the years now in question, the Commissioner included as income the aforesaid amounts of $278,090.60 for 1929 and $161,395.08 for 1930. His determination was sustained by the Board, and the correctness of this ruling is now before us.

Section 42 of the Revenue Act of 1928 (45 Stat. 805 [26 USCA § 2042]) directs that the amount of all items of gross income shall be returned for the taxable year in which received, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. Section 41 (45 Stat. 805 [26 USCA § 2041]) provides that the taxpayer's net income shall be computed "in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but * * * if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the commissioner does clearly reflect the income." Article 322, Regulations 74, provides that "approved standard methods of accounting will ordinarily be regarded as clearly reflecting income." Since the petitioner kept its books on the accrual basis and since the Settlement of War Claims Act of 1928 (45 Stat. 254) had provided a fund for immediate partial payment of its award and had set up the procedure for augmenting the fund by large deposits expected to be received in the future, the petitioner contends that it was not only privileged, but in duty bound, to accrue upon its books the entire award as income for 1928; while the respondent argues that the priorities established by the said act as to certain classes of awards, the inadequacy of the German special deposit account to meet all the awards granted, and the recognized financial weakness of Germany were factors making so uncertain the collection in full of the petitioner's award that the accrual of it as income for 1928 was improper. The Board recognized that ordinarily where a taxpayer's books are kept on the accrual basis items of income are to be accrued in the year in which they arise, if there is a reasonable expectation that payment thereof will be received in the due course of business, but stated that it was unable to find that in 1928 there existed any basis for an expectation that the amount accrued by the petitioner in that year would be received in the due course of business or in a reasonable time after the accrual, and it commented upon the fact that down to the year 1932 the amount received was less than 80 per cent. of the sum accrued and nothing appeared to indicate when if ever payment of the balance may be expected.

■ With the Board's conclusion we are unable to agree. Whether the petitioner was entitled to accrue this income in 1928 depends upon whether it then had and was justified in having a reasonable expectation that payment would be made in due course. Events of later years rendering doubtful collection of an obligation are not relevant to the propriety of accruing the obligation as income of an earlier year. See Peyton Du-Pont Securities Co. v. Commissioner, 66 F.(2d) 718, 722 (C. C. A. 2). By the Settlement of War Claims Act of 1928 Congress had provided a fund out of which American holders of awards against Germany were to be paid; the fund was not presently sufficient to pay all the awards in full, but subsequent additions to it were provided for; claims not exceeding $100,000 were to be paid at once, and it is a fair inference that the larger ones were expected to be ultimately paid for we can scarcely assume that Congress intended to favor holders of the smaller awards to any greater extent than promptness in settlement. Indeed, the Report of the Secretary of the Treasury on the State of the Finances for the fiscal year 1928 stated, at page 45, that "Ultimately all claims will be paid in full but each of the three groups, into which the claimants are divided, is required to accept a delay in the payment of part of their claims." During the year 1928 payment of more than one-third of the petitioner's award, including interest thereon accrued to January 1, 1928, was actually received. The insurance commissioner of Connecticut and corresponding state officers in other states where the petitioner was engaged in business accepted accrual of the award as proper bookkeeping. Under these circumstances we think that the petitioner might justifiably entertain a reasonable expectation that its award would be paid and that approved methods of accounting sanctioned its accrual as of 1928. In fact this was the view originally entertained by the Bureau of Internal Revenue. See G. C. M. 8684 (Oct. 13, 1930), and G. C. M. 8728 (Oct. 21, 1930), incorporated in I. T. U. Memorandum No. 169 (Nov. 1, 1930). Not until June, 1931, did the Bureau reverse its position and rule that awards of the Mixed Claims Commission were not accruable in 1928. X–1 C. B. 133.

■ We believe its original view was the correct one, at least to the extent of 80 per cent. of the award. It is true that payment of such awards was not absolutely certain in 1928, for that depended upon the continued willingness and ability of the German government to perform its engagements with the United States and upon the latter's continued co-operation in aiding award claimants to ob-

tain payment; they had no means of enforcing collection for themselves. In this respect the petitioner's position differs from that of a creditor accruing upon his books an ordinary debt payable in the future. But the mere possibility of a change in legislative policy after the enactment of a statute granting compensation to claimants who shall obtain an award thereunder is not enough to prevent the application of the accrual basis of accounting if the facts which determine the claimant's rights are not contingent. Continental Tie & Lumber Co. v. United States, 286 U. S. 290, 52 S. Ct. 529, 76 L. Ed. 1111; Commissioner v. Old Dominion S. S. Co., 47 F.(2d) 148 (C. C. A. 2); Uncasville Mfg. Co. v. Commissioner, 55 F.(2d) 893, 895 (C. C. A. 2). In Spring City Foundry Co. v. Commissioner, 54 S. Ct. 644, 645, 78 L. Ed. 1200, the Chief Justice observes that, when accounts are kept and returns filed on the accrual basis, " * * * it is the right to receive and not the actual receipt that determines the inclusion of the amount in gross income." The petitioner's right to receive the amount of its award became fixed in 1928, and there then existed reasonable ground to believe that it would ultimately be paid. To the extent of 80 per cent. payment was to be expected within six years. Senate Report 273, p. 37, Seventieth Congress, 1st Sess. Committee on Finance, Settlement of War Claims Bill of 1928. To this extent at least it was proper to accrue it on the books in that year. Hence the inclusion of the sums received in 1929 and 1930 was erroneous.

The orders are reversed.