## BLUMENTHAL v. COMMISSIONER OF INTERNAL REVENUE.
### No. 200.

Circuit Court of Appeals, Second Circuit.
April 1, 1935.

Eugene Blumenthal, of New York City (Eugene Blumenthal, David Levy, and Walter H. Liebman, Jr., all of New York City, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and J. Louis Monarch and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Petitioner seeks a review of a deficiency assessment against her for income taxes for 1929. It is based upon petitioner's failure to include, in her return, dividends in the sum of $47,250. representing accumulated dividends of $31,500 and current dividends of $15,700, all paid to the trustees of an irrevocable trust which petitioner created February 5, 1929. On that date, she conveyed 3,000 shares of cumulative preferred stock of Sidney Blumenthal & Co., Inc., a New York corporation, to named trustees. This stock was listed on the New York Stock Exchange, and had a value of $300,000.

On January 6, 1929, she pledged this stock, for a loan of $75,000, with a bank, and executed and delivered her demand note. It was stipulated that the bank's custom was to first sell the stock in the event of default in payment before seeking to enforce payment from the maker. The grantor conveyed all her right, title, and interest in these shares, together with all unpaid and accumulated dividends then still undeclared. The unpaid accumulated dividends amounted, when transferred, to $31,500. Her indebtedness to the bank on the date of the transfer had been reduced to $33,000.

By the terms of the first article of the trust indenture, the trustees were directed to apply the unpaid accumulated dividends, when paid, toward the liquidation and payment of the principal and interest of the balance of the loan at the bank. No power was reserved in the grantor to reinvest title to any part of the corpus in herself. She at no time received the unpaid accumulated dividends nor could any part thereof, by reason of the trust terms, be paid to her in her discretion or that of the trustees. The indenture also provided that current dividends received by the trust were to be applied to the payment of net premiums on specified insurance policies on the life of the petitioner's husband. Simultaneously with the execution and delivery of the trust indenture, petitioner delivered to one of the trustees a power of attorney authorizing the trustee to transfer the stock to its name, as such trustee, and to receive and collect all dividends.

During 1929 the unpaid accumulated dividends were paid in an amount of $31,500, and used by the trustees in the liquidation of the petitioner's indebtedness to the bank. The trustees in 1929 accounted for and paid the income tax on these dividends.

Petitioner claims that the accumulated dividends were either part of the trust res, or income to the trustees not distributable to the beneficiary, and in either case not taxable to her, and that therefore the Commissioner wrongfully taxed her for this income. The Board of Tax Appeals sustained the Commissioner, holding in effect that the accumulated dividends were income to the trust, but that, since they were used to reduce petitioner's indebtedness to the bank, she was a beneficiary of the trust to the extent of the payments of the dividends.

Recognizing that the title to the stock passed to the trustees by transfer to it, and that accumulated dividends were declared and paid after such transfer, the petitioner could have no interest in this income when it was received. The undeclared unpaid accumulated dividends were not income but were part of the trust res. The transfer and uses to be made of these dividends were fixed by the terms of the trust indenture; by it, they were distinctly part of the corpus so far as the grantor, the life beneficiary, or the remaindermen were concerned. They could not be reached by the petitioner or taken by her any more than any other part of the corpus. Drier v. Helvering, 63 App. D. C. 283, 72 F.(2d) 76.

Section 161 of the Revenue Act of 1928 (45 Stat. 791, 838, 26 USCA § 2161) provides that the tax imposed shall apply to "income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust; (2) income which is to be distributed currently by the fiduciary to the beneficiaries * * *."

Section 162 (b) of the same act (26 USCA § 2162 (b) provides how the net income of the trust shall be computed, and reads: "There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not."

If the income of the trust was distributable, within the meaning of section 162 (b), then the trustees in making their return would deduct, in arriving at the income taxable to them, whatever income would be distributable. Such income would be taxable to the beneficiary. But nondistributable or accumulated income would be taxable in the hands of the trustees. This is the essence of article 861, Regulation 74, providing that in general the income of the trust for the taxable year which is to be distributed to the beneficiaries must be returned by, and be taxed to, the respective beneficiaries, but the income of a trust which is to be accumulated or held for future distribution, "whether consisting of ordinary income or gain from the sale of assets included in the corpus of the trust, must be returned by and will be taxed to the trustee * * *."

This trust indenture clearly shows that the income here sought to be taxed to petitioner was not currently distributable to her and that she could not in any manner, or for any reason, compel the payment of the income to her.

But the Board of Tax Appeals said that her personal liability was that of primary obligor after the trust was created and that she received a benefit by payment of the obligation. The effect of transferring this stock, subject to the debt, was to make the stock the primary fund to meet the obligation and to place the petitioner in the relation of surety only. Petitioner was not enriched in any way by the payment of the note. She provided the collateral, in value approximately ten times the amount of the debt, and considering the custom of the bank in first exercising its right to the security before any collection would be enforced against the petitioner as obligor on the note, it is clear that she was not the primary obligor. The trustees accepted the trust providing for the use of the unpaid accumulated dividends to meet this bank obligation. The bank, as creditor, acquiesced in that arrangement. Where a mortgagor conveys mortgaged premises subject to a mortgage, even though there be no covenant on the part of the grantee to pay, the land remains the primary fund for the payment of the debt and to the extent of its value the grantee stands in the relation of the principal debtor. Murray v. Marshall, 94 N. Y. 611; Johnson v. Zink, 51 N. Y. 333. With the payment made out of the accumulated dividends, and the indebtedness met, the real beneficiaries of the transaction were the remaindermen whose equity in the stock increased. In other words, the corpus became the primary fund for the payment of the debt and those to whom the corpus belonged were they who, primarily, benefited by the payment of the indebtedness through the satisfaction of the lien. This principle is applicable to personal property as well as real estate. Clayton v. State Bank of Fort Worth, Tex. (C. C. A. 5) 4 F.(2d) 763; University State Bank v. Steeves, 85 Wash. 55, 147 P. 645, 2 A. L. R. 237; Baker v. Terrell, 8 Minn. 195 (Gil. 165).

The fact that as an incident the petitioner was relieved of the secondary obligation did not amount to receipt of income by her. Freuler v. Helvering, 291 U. S. 35, 54 S. Ct. 308, 78 L. Ed. 634.

We are referred to Willcuts v. Douglas (C. C. A.) 73 F.(2d) 130. There it appeared that the settlor was the primary debtor, not surety. This tax was improperly assessed. Determination reversed.