## COMMISSIONER OF INTERNAL REVE-NUE v. SPEYER.

## SPEYER v. COMMISSIONER OF INTER-NAL REVENUE.
### No. 430.

Circuit Court of Appeals, Second Circuit.
June 10, 1935.

Henry W. Taft, of New York City (Henry W. Taft and C. W. McConaughy, both of New York City, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., for Commissioner of Internal Revenue.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

In 1928, the taxpayer, pursuant to the Settlement of War Claims Act of 1928 (45 Stat. 254), received $485,912.43, part payment on account of awards of the Mixed Claims Commission (United States and Germany). The awards were made in respect of Reichsmark accounts to his credit in German banks during the World War period. The awards were $996,738.-47 principal, and $397,775.52 interest from January 1, 1920, to January 1, 1928. The principal of the awards contained interest, dividends, and profits credited to the taxpayer's account in the German banks prior to July 1, 1921. The taxpayer contended and the Board of Tax Appeals held that the amount paid was in part restoration of the principal and not taxable income.

The taxpayer was in the banking business in New York City, with a partner, in April, 1917. He was also a member of a banking house at Frankfort-am-Main, Germany. At this time the New York firm had mark accounts with various banks in Germany. April 4, 1917, the taxpayer withdrew from the German firm. He had five accounts in marks with his German firm. The interest of his partner in the New York City partnership was assigned to him December 31, 1923. The

taxpayer's books were kept on a cash basis.

German war legislation resulted, August 9, 1917, in the extension of a moratorium to debts payable to persons in the United States. A decree of November 10, 1917, resulted in the restriction on sales, assignments, and charges of enemy owned property and it became applicable to persons of the United States. January 30, 1918, a decree provided that property of United States residents would be taken over for administration by the German government. Under the German law a bank account deposit creates a debtor-creditor relationship between a depositor and his bank. The accounts of this taxpayer were never taken over under the decree authorizing the Treuhander to do so. The accounts were continued in the name of the taxpayer, and that of his New York firm, throughout the war period.

Before the Mixed Claims Commission, appointed pursuant to statute, after controversy, a compromise was reached between the agents of Germany and our government, whereby Germany assumed a joint liability with the German banks in respect to the mark balances. By the terms of that agreement, these awards were made to the taxpayer. By the Settlement War Claims Act of 1928 (45 Stat. 254) means of payment of awards were provided. Section 4 (c), 45 Stat. 260 lists priorities of payment. The amounts received and the disbursements made, as the record discloses, indicate a very long delay—estimated at 24 years —before this taxpayer would be paid in full the amount of his award. Moreover, upon convincing evidence, the Board of Tax Appeals' conclusion that there is not only a lack of certainty of future payments, but that it is highly probable that the taxpayer will never receive any substantial part of that which is due him, is justified.

The taxpayer's capital investment in the bank accounts on which the award was based was $1,228,748.28. Of the payment received, $485,912.43, the Commissioner determined $181,535.45 was taxable income. This conclusion was reached by analyzing the taxpayer's capital, interest on the awards from January 1, 1920, to January 1, 1928, and interest, dividends, and profits paid into the bank accounts in Germany prior to December 31, 1920.

The Commissioner treated the interest on the awards, and the interest, dividends, and profits paid into the bank accounts, as income, and on this basis found that the awards stated as of January 1, 1928, were made up of 61 per cent. capital and 39 per cent. income. He then determined that as each payment is made out of the German Special Deposit Fund on the awards it would contain 39 per cent. taxable income. In this manner he arrived at the amount of income and taxed it accordingly. The Board of Tax Appeals disagreed.

The taxpayer's capital in the bank accounts was far in excess of the payment received in 1928. In order to arrive at gain or loss, there must be withdrawn from the gross proceeds an amount sufficient to restore capital that existed at the commencement of the period under consideration. Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570; Doyle v. Mitchell Bros. Co., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054. In Drier v. Helvering, 63 App. D. C. 283, 72 F.(2d) 76, the court considered income tax on an award of the Mixed Claims Commission. The award made on August 1, 1928, amounted to $68,782.70, of which $48,000 was principal and $21,128, interest. At the time of the seizure of Drier's property, it was worth $68,782.70. The value of the taxpayer's property at the time it was acquired by her was equal to the sum received by her under the award of the Claims Commission; the total sum received was sufficient only to restore the capital value that existed at the commencement of the period under consideration; and the court held that there was no realized gain and no income tax assessable.

In the instant case, the Board found that there was no reasonable prospect of the full amount being paid. In Automobile Ins. Co. of Hartford v. Commissioner (C. C. A.) 72 F.(2d) 265, the taxpayer keeping its books on an accrual basis received 80 per cent. of the amount due as an award of the Mixed Claims Commission, and we held that it was entitled to accrue the difference for that year. The case is distinguishable because this taxpayer kept his books on a cash basis. Moreover, the record in the Automobile Insurance Company Case contained no evidence showing the improbability of receiving further payments from

Germany, as is shown in the instant case and as found by the Board.

In Burnet v. Logan, 283 U. S. 404, 51 S. Ct. 550, 75 L. Ed. 1143, the court considered the attempt of the Commissioner to base income tax on a speculative assumption wherein he determined the value of the seller's promise to pay 60 per cent. a ton for ore mined. Adding this value to the cash, the Commissioner then deducted the seller's basis for the stock and found the taxable profits. The court held there would be no taxable income until actual receipts by the seller exceeded his basis for the stock. We think the same principle is applicable here.

■ The taxpayer rightfully contends that the items collected by the German banks which consisted of interest, dividends, and profits paid and credited to the taxpayer's accounts prior to July 2, 1921, and which the taxpayer did not report in his federal income tax returns for the year when collected, could not be taxed as received in 1928. The reason advanced for not reporting these taxes was the lack of means of communication between Germany and the United States during the period of the war and for some time thereafter. The taxpayer was not advised of their deposit. These items collected by the German bank and deposited to the credit of the taxpayer in the accounts were received in the years such deposits were made and accordingly could not be treated as income to this taxpayer in 1928 or any subsequent year. Accordingly, the decision of the Board of Tax Appeals, that of the payment received in 1928 no part thereof is taxable income, is affirmed.

■ The Commissioner's appeal also involves the deductibility of the attorneys' fees charged as a business expense and disbursements under section 23 (a) Revenue Act 1928, 26 USCA § 2023 (a). The Commissioner determined that a portion of the attorney's fees allocable to what he concedes to be the taxpayer's capital in the awards is not deductible as an expense for the reason that it is a capital charge. This contention was rejected by the Board of Tax Appeals, which held that the full amount was deductible from gross income in accordance with the provisions of section 23 (a) of the Revenue Act of 1928, 26 USCA § 2023 (a).

It must be remembered that this taxpayer had a banking house in Germany where balances were kept. The cost of the recovery of these balances through the Mixed Claims Commission comes directly within the specifications of deductions for expenses. The proceedings before the Mixed Claims Commission were for the purpose of recovering assets for the taxpayer. It is not questioned but that the attorneys were paid the amounts claimed in connection with the transaction of this business. Such fees are deductible as an expense of the business. Kornhauser v. United States, 276 U. S. 145, 48 S. Ct. 219, 72 L. Ed. 505.

■ The taxpayer appeals from the determination of the Board of Tax Appeals disallowing deduction in 1928 for taxes paid to the German government in behalf of the taxpayer from 1917 to 1920. During that period, without the taxpayer's consent or knowledge, the German partnership paid to Germany, and charged the taxpayer's personal accounts on its books, $59,805.31 for income taxes assessed against the taxpayer on the German income for 1916. In the claim filed with the Mixed Claims Commission in 1922, the taxpayer asked for an award for the mark balance in his capital account on December 31, 1916, with the German partnership, plus interest. The Commission, in 1926, entered an award for that amount, stated in dollars, less the amount owing by the taxpayer to the German partnership which included the German taxes paid. The taxpayer maintains that this balancing of the accounts with the German partnership had the effect of forcing him to pay the taxes in 1928. The taxpayer relies on section 23 (c) and section 131 of the Revenue Act of 1928, 26 USCA §§ 2023 (c), 2131, as authority for a credit and deduction for payment of foreign taxes, but those sections limit the deductions to taxes paid or accrued within the taxable year. The taxable year here involved was 1928; these taxes accrued in 1916, and were paid during the following four years. Such deductions must be taken in the year of their occurrence. Darling v. Commissioner (C. C. A.) 49 F.(2d) 111; De Loss v. Commissioner (C. C. A.) 28 F.(2d) 803.

The determination is affirmed.