## COMMISSIONER OF INTERNAL REVENUE v. ULLMANN.
### No. 354.

Circuit Court of Appeals, Second Circuit.
June 10, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., for petitioner.

Weil, Gotshal & Manges, of New York City (Frank L. Weil, of New York City, of counsel), for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

In 1918, Germany seized and sequestrated the property belonging to the taxpayer, having a stipulated value of $237,000. The taxpayer reported on a cash basis. A claim was filed against the German government with the Mixed Claims Commission, and an award made in his favor amounting to $322,936.85, consisting of $237,000 principal and $85,936.85 interest at 5 per cent. from October 1, 1920, to January 1, 1928. In 1928 a partial payment of $166,046.65 was made on account of the award. The Commission contends that part of this partial payment consti-

tutes interest on the principal amount, and, as such, is taxable as income, notwithstanding the fact that the taxpayer had not as yet had the cost base of the seized property returned to him.

The decision in this case involves the same questions presented as to taxation of partial payment received as that involved in the case of Commissioner v. Speyer (C. C. A.) 77 F.(2d) 824, decided this day. For the reasons there stated, the decision of the Board in this respect is affirmed.

The taxpayer paid attorneys for handling his claim before the Commission and seeks to deduct the attorney's fees so paid as an ordinary and necessary business expense. The Commissioner contends that only so much of the fees may be deducted as are attributable to items of income in the award. This, because fees expended in seeking a return of capital are not an ordinary and necessary business expense but are capital in nature and constitute a part of the cost of the property. It is not disputed but that the attorney's fees were paid.

For the reasons stated in Commissioner v. Speyer, decided this day, this determination is likewise held to be correct.

Decision affirmed.