**HELVERING, Com'r of Internal Revenue, v. DRIER.**

No. 3859.

Circuit Court of Appeals, Fourth Circuit.

Oct. 8, 1935.

Joseph M. Jones and Howard P. Locke, Sp. Assts. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Herman J. Galloway, of Washington, D. C. (Harold G. Aron, of New York City, on the brief), for respondent.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

SOPER, Circuit Judge.

The Commissioner of Internal Revenue seeks in this case to require Katherine M. Drier, the taxpayer, to include the sum of $54,234.90 in her gross income for the year 1929 in computing her income tax for that year. This sum formed part of certain payments made to her on account of an award by the Mixed Claims Commission, United States and Germany, for property of the taxpayer sequestered by the German government during the World War. The total payments received in 1929 were only a part of the total award; but the Commissioner's theory of the case is that to the extent of $54,234.90, they represented interest paid by Germany for the use of the property, and constituted taxable income in the taxpayer's hands.

In 1913, by virtue of the death of her husband, the taxpayer acquired an estate in Germany consisting of real and personal property. On or about May 10, 1918, the property was seized, and on January 5, 1920, it was sold with the approval of the German government. The taxpayer filed a claim with the Mixed Claims Commission on account of the loss

sustained, and on January 14, 1926, the Commission entered an award to the United States on behalf of the taxpayer in the sum of $48,000, with interest thereon at 5 per cent. to the date of payment. On August 1, 1928, the taxpayer received on account of this award the sum of $68,782.70, which was paid by the United States out of the German Special Deposit, in accordance with the provisions of section 2 (b), 2 (d) and section 4 (c) (4) of the Settlement of War Claims Act of March 10, 1928, 45 Stat. 254. The Treasury Department of the United States, through which the payment was made, designated $48,000 thereof as principal, and $21,128.34 as the interest allowed by the award; and from the total of $69,128.34, deducted ½ of 1 per cent., or $345.64 as required by section 2 (e) of the act, leaving $68,782.70, the sum paid to the taxpayer. This allocation was obviously correct, for the total principal sum was $48,000 and the remainder of the payment was necessarily interest.

On April 5, 1929, the Mixed Claims Commission entered another award to the United States for the benefit of the taxpayer on account of her loss for the additional principal sum of $250,000 with interest at 5 per cent. from May 10, 1918, to date of payment. During the year 1929, the taxpayer received as part payment on account of this award four checks, in the aggregate sum of $170,736.37, less the deduction of ½ of 1 per cent., or $853.68, or a net payment of $169,882.69. These checks were also drawn on the Treasury of the United States against the German Special Deposit, in accordance with section 4 (c) (4) (5) of the act. The Treasury Department, in its computation, showed the principal of the awards as $298,000 and the interest at 5 per cent. on $48,000 from January 5, 1920, and on $250,000 from May 10, 1928, in accordance with the provisions of the two awards, arriving at the total of $139,755.49 for the accrued interest on both awards to January 1, 1928. This sum was added to the principal to reach a total of $437,755.89 under the heading "principal account," and against the total was credited the payment of $69,128.34 of August 1, 1928, and the four payments above mentioned aggregating $170,736.37. From this total, ½ of 1 per cent., or $853.68, was deducted, making a net payment received by the taxpayer of $169,882.69. Disregarding the deduction of ½ of 1 per cent., the taxpayer received in all, in the two payments in 1928 and 1929, the aggregate sum of $239,864.71.

The Commissioner concedes that so much of the total sum of $169,882.69 received by the taxpayer in 1929, as represented the return of principal, was not taxable; but he contends that a part of this total represented interest, and as such should have been included in the gross income for the year. It is stipulated that if any part of this sum should be treated as interest, that part amounts to $54,234.90, which sum bears the same ratio to the total amount received by the taxpayer as the total amount of interest bore to the total amount of principal and interest then due. It is also stipulated that the value of the property in 1913, when the taxpayer acquired it, was not less than $239,864.71, the total sum from both awards allocated to the taxpayer by the Treasury Department before the deduction of the percentage of ½ of 1 per cent. for the expenses of the United States. It is also conceded that the taxpayer's books were kept on a cash receipts and disbursements basis.

The Board of Tax Appeals decided that no part of the 1929 payments was income, holding that it was controlled by the decision of the United States Court of Appeals for the District of Columbia in Drier v. Helvering, 63 App. D. C. 283, 72 F.(2d) 76, a case in which a similar contention by the Commissioner, with reference to the payment received by the taxpayer in 1928 as above described, was rejected. The Board also referred to its decision in Speyer v. Commissioner, 30 B. T. A. 517, since affirmed by the Circuit Court of Appeals of the Second Circuit on June 10, 1935. 77 F.(2d) 824. In Drier v. Helvering, supra, the single question involved was whether the taxpayer had any taxable income on account of the 1928 payment under the award since she did not receive in all more than the value of the property she had lost. In that case as in this, it was stipulated that the value of the property was not less than the total payments received. It was contended on behalf of the Commissioner that $21,128.24 of the amount received in 1928 was taxable, because that sum had been designated as interest by the Commission and by the Treasury De-

partment, and because interest on judgments is ordinarily held taxable as income under section 22 of the Revenue Act of 1928, 45 Stat. 791, 797, 26 USCA § 2022 (now 26 USCA § 22 note).

But the court held, under the authority of Lucas v. American Code Co., 280 U. S. 445, 449, 50 S. Ct. 202, 74 L. Ed. 538, 67 A. L. R. 1010, and Doyle v. Mitchell Bros. Co., 247 U. S. 179, 185, 38 S. Ct. 467, 62 L. Ed. 1054, that although gain from capital includes profit on a sale or conversion of capital assets, the income tax law is concerned only with realized gain; and in order to determine in any case whether there has been a gain in a conversion of capital assets, a sufficient amount must be withdrawn from the gross proceeds to restore the capital as it existed at the commencement of the period under consideration. The court pointed out that the 1926 award of the Commission was intended to close the transaction and fix the total compensation for the seizure, and since the sum awarded and received did not exceed the value of the property when the taxpayer acquired it, there was no realized gain in the transaction. In short, it was held that the mere designation by the Commission and the Treasury Department of part of the sum paid as interest did not require the court to shut its eyes to the substantial reality of the situation.

██ We are in accord with the principle of this decision and think that it should be applied to the somewhat different circumstances of this case. The former case was decided upon the assumption that a final award insufficient to cover the value of the property had been made, and that the total payment, including interest, did not exceed that value. In the pending case, the amount of the award has been greatly increased, but the payments thus far received do not exceed the value of the property seized, and payment of the remainder of the award is dependent upon circumstances which it is impossible to foretell with reasonable certainty. It was pointed out in the decision of the Board in Speyer v. Commissioner, 30 B. T. A. 517, that Germany assumed primary liability for all claims within the jurisdiction of the Commission, so that awards in favor of American citizens became obligations of Germany to the United States for their ben-

efit; but that the United States has disclaimed liability for the payment of the awards (section 2 (h) of the Settlement of War Claims Act), and payment depends entirely upon the amount of funds received for deposit in the special account under the Settlement of War Claims Act; and that these receipts depend not only upon the ability and willingness of Germany to pay, but upon the course of conduct of the United States in case of Germany's default. Hence it has been doubtful ever since the award of 1929 was made whether the taxpayer ever would receive payment thereof in full. Under these circumstances, we agree with the Board that the case is governed by the rule in Burnet v. Logan, 283 U. S. 404, 51 S. Ct. 550, 75 L. Ed. 1143, for it cannot be said with truth that the taxpayer has received income in the form of interest or compensation for the use of the property until her receipts shall exceed its capital value. There is no real analogy to the situation of a bondholder who receives payment of interest on the obligation, and must account for it as income, although the total capital has not been returned. Compare American Cigar Co. v. Commissioner (C. C. A.) 66 F.(2d) 425; National Life Ins. Co. v. United States (Ct. Cl.) 4 F. Supp. 1000.

██ The Commissioner himself did not treat the monies received by the taxpayer in 1929 as payments upon an ordinary debt; for he did not demand that they be considered income to the entire extent of the interest due. The general rule in the United States courts with regard to the application of a partial payment upon a debt is that it shall be first applied to the liquidation of the interest due, before any part is applied to the principal. Ohio Sav. Bank & Trust Co. v. Willys Corporation (C. C. A.) 8 F.(2d) 463, 44 A. L. R. 1162. If this rule had been applied in the pending case, the sum of $170,736.37, received by the taxpayer in 1929, would have been treated as a payment upon interest to the extent of the interest then due. The interest to January 1, 1928, alone amounted to $139,775.89; but the Commissioner confined his claim to $54,234.90, seemingly recognizing that the payments received in 1929 were not income in the ordinary sense in the taxpayer's hands.

The conclusion to which we have come is similar to that reached by the Cir-

cuit Court of Appeals for the Second Circuit in Commissioner v. Speyer, 77 F.(2d) 824, wherein the decision of the Board in 30 B. T. A. 517 was affirmed, notwithstanding the earlier decision in Automobile Ins. Co. v. Commissioner (C. C. A. 2) 72 F.(2d) 265. In the latter case it was held that a taxpayer keeping his books on an accrual basis, who had deducted from his income losses suffered by the destruction of his property in the year in which they occurred, was entitled to accrue, as income, the entire amount of an award of the Mixed Claims Commission in the year in which it was granted. The Speyer Case was distinguished, in that there the taxpayer kept his books on a cash basis, and the evidence clearly showed the improbability of future payments. Compare Marine Transport Co. v. Commissioner (C. C. A.) 77 F.(2d) 177.

Affirmed.