**SEASIDE IMPROVEMENT CO. v. COMMISSIONER OF INTERNAL REVENUE, and five other cases.**

Nos. 238–243.

Circuit Court of Appeals, Second Circuit.

July 17, 1939.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Warren F. Wattles,. Sp. Assts. to Atty. Gen., for respondent.

Cuthell, Appleby, Osterhout & Mills, of New York City (Francis S. Appleby and John B. Coman, both of New York City, of counsel), for amicus curiæ.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This appeal involves the income tax liability of each of the six petitioners for the year 1931. Each of them owned water-front property in the Seaside section of Rockaway Beach, part of which the City of New York took by condemnation in July 1925 for a public beach and board walk. The condemnation awards, however, were not paid to the petitioners until 1931.[1] Upon audit of their respective tax returns for that year, the commissioner determined that certain profits were realized as a result of the condemnation awards received by them, and assessed deficiencies. Upon appeal to the Board, their respective tax liabilities were redetermined, with the result that deficiencies were found due from three of the taxpayers (Seaside Improvement Company, Estate of Margaret Wainwright and Wainwright, Remsen & Tator Corporation), and overpayments, based on items not material to the present issues, were found to have been made by the other three taxpayers (Jamieson Associates, Inc., Wainwright & Smith Company and John W. Wainwright). All six taxpayers have appealed from that part of the Board's decision which sustained the commissioner's determination as to profits realized by them respectively from the condemnation awards.

Four questions are presented to this court: (1) Whether the Board erred in determining the March 1, 1913, value of the property taken from four of the petitioners, who had acquired their respective

Benjamin Mahler, of New York City (Sol A. Klein, of Brooklyn, N. Y., of counsel), for petitioners.

[1] The names of the petitioners, the amount of the award made to each by court decree promulgated June 9, 1931, the "balance of award" received after deducting legal fees and sums withheld pursuant to stipulation with the City against benefits thereafter to be assessed, and the amounts received denominated "interest" are shown in the following tabulation:

| Petitioner | Award | "Balance of Award" | "Interest" |
|---|---|---|---|
| Seaside Imp. Co. | 125,853.60 | 85,278.22 | 47,937.28 |
| J. W. Wainwright | 63,015.80 | 53,355.89 | 22,738.20 |
| Wainwright & S. Co. | 163,600.00 | 137,012.97 | 59,032.33 |
| Wainwright R. & T. Corp. | 112,714.00 | 89,356.90 | 40,670.97 |
| Est. M. Wainwright | 133,268.40 | 102,190.74 | 46,687.94 |
| Jamieson Asso. | 105,340.20 | 81,137.54 | 11,000.00 |

992

parcels of land prior to that date; (2) whether the Board erred in determining the cost basis of the property taken from the Estate of Margaret Wainwright and from Jamieson Associates, Inc., who respectively acquired title in September and October 1923; (3) whether the Board erred in determining that none of the awards included consequential or severance damages to property not condemned; (4) whether the Board erred in holding in the cases of John W. Wainwright and Estate of Margaret Wainwright that the portion of their awards denominated "interest" was taxable as ordinary income, not as capital gain.

▪ (1) The four taxpayers whose basis for determining gain or loss is the March 1, 1913, value of the land taken by condemnation, contend that between 1913 and 1925 the opening of additional beaches in the vicinity and other changes in economic conditions affecting the Seaside section resulted in a reduction in the value of their property; and they point to a decline in rentals during this period as corroborating their contention. The Board, however, found that the land condemned was more valuable in 1925 than in 1913. Its findings of fact are set forth in detail in 37 B.T.A. 92. Specifically the Board found the 1913 value of the land condemned to be $275 per front foot in the cases of John W. Wainwright, Wainwright & Smith Company and Wainwright, Remsen & Tator Corporation and $226.87 per front foot in the case of Seaside Improvement Company. There was no dispute as to the amount of ocean frontage as to which the front foot values were applied. Findings of fact by the Board are conclusive upon the court if supported by substantial evidence. We regard this principle as applicable even when the findings, because of the expiration of the term of office of the Board's member who heard the testimony, are made by his successor in office and, therefore, are based upon a stenographic record of the testimony. Consequently, our duty in the case at bar is not to determine whether a preponderance of the evidence points to contrary conclusions but whether any substantial evidence supports the essential findings of fact. See Patterson v. Commissioner, 2 Cir., 42 F.2d 148, 149.

With respect to the three first-named taxpayers the front foot valuation found by the Board is in substantial accord with the testimony of Messrs. Terry and May.

The petitioners criticize the qualifications of these witnesses, but we cannot say upon this record that the Board was bound to accept the testimony of the petitioners' experts in preference to that of the experts called by the commissioner.

[4, 5] With respect to the land of Seaside Improvement Company, the commissioner offered no direct testimony of its 1913 value; he contended that this taxpayer had no title to the land condemned and that the condemnation award in its entirety was gain—a contention which the Board rejected. The property of Seaside Improvement Company lies to the east of the main business district, where values were highest and where the properties of the three other taxpayers were located; hence, a finding that it was less valuable than the land of Wainwright & Smith Company, the nearest of the petitioners' properties to the west, is supportable. The Board fixed its front foot value at 82.3% of that of the Wainwright & Smith Company. The commissioner's brief on appeal states, without contradiction by the petitioner, that in the argument before the Board it was urged that the front foot value of Seaside Improvement Company's property was 82.3% of the front foot value ascribed to the property of Wainwright & Smith Company. The acceptance by the Board of a fact asserted by the taxpayer can scarcely be urged as a ground for reversal of its decision. In our opinion the findings as to 1913 value are supported by substantial evidence.

(2) With respect to the property of the Estate of Margaret Wainwright, whose death occurred September 10, 1923, and the property of Jamieson Associates, Inc., acquired in October, 1923, the Board found that there was no substantial change in value between the summer of 1923 and the date of condemnation, July 15, 1925. As to the Margaret Wainwright property the evidence showed a tendency toward a decline in value because of an influx of negroes during this period. Both petitioners argue that the amounts awarded them respectively in condemnation conclusively fix the fair market value in 1925 of the property condemned, and, since there was no advance over the 1923 value, no gain was realized. The Board rejected this contention, found that the awards were largely in excess of the fair market value of the property taken, and determined the 1923 value to be $60,353.10 for the Margaret

Wainwright property and $21,798.81 for the Jamieson property.

■ The petitioners have cited no authority supporting their contention that a judicial award must be accepted by one not a party to the condemnation proceedings as determinative of the fair market value at the time of condemnation of the property condemned. In our opinion such an award is merely some evidence of the fair market value of the tract to be appraised, as is a sale of other property similarly situated (Heiman v. Bishop, 272 N.Y. 83, 88, 4 N.E. 2d 994) or a bona fide offer for the tract itself. Manufacturers Paper Co. v. Commissioner, 2 Cir., 89 F.2d 684, 686. The Board was of opinion that the awards exceeded market value because the awards as a whole had been reduced approximately $3,000,000 and acquiescence in the reduced figures was recommended to the city by its counsel on account of financial distress and to avoid the expense of further litigation and additional interest charges. Furthermore, the estate tax return filed by the executor of the Estate of Margaret Wainwright stated the 1923 value of her entire tract, only a small part of which was condemned, as $79,500, and the executor admitted on cross-examination that he considered this figure correct. The amount of the award for the Margaret Wainwright property ($133,268.40) is so disproportionate to the 1923 value admitted by the executor, that we think the Board was justified in finding that the award exceeded fair market value in 1925, since concededly the value in the two years was substantially the same.

■ In fixing at $60,353.10 the 1923 value of the land taken from the Estate of Margaret Wainwright, the Board relied upon the presumption of correctness of the determination contained in the commissioner's deficiency notice. We think this was error, both because the commissioner abandoned his notice by seeking an increased deficiency on the ground that the taxpayer had no title to the land condemned and because the taxpayer put in evidence as to the 1923 value. Once the taxpayer had introduced evidence as to the basic value (the condemnation award and proof that the 1923 and 1925 values were the same), the presumption was out of the case. Wiget v. Becker, 8 Cir., 84 F.2d 706, 708; United States ex rel. Darvin v. Pulver, 2 Cir., 54 F.2d 261, 263. That being so, we can find nothing in the record to support

the basic value of $60,353.10. If the executor's admission of $79,500 as the value of the whole tract were to be accepted, there is nothing to show how that value should be apportioned between the land condemned and the land not taken. Neither party introduced any direct testimony as to the 1923 value of the land condemned. We think this case should be remanded for further evidence.

Similar considerations point to a similar disposition of the case of Jamieson Associates, Inc. This petitioner acquired six tracts of land in exchange for all of its capital stock, which had a par value of $95,000. There were mortgages on the property of $50,000, which the petitioner assumed. Since no proof was given of the value of the petitioner's capital stock, the fair market value of the real estate in October, 1923, must be deemed its cost to the petitioner. The Board relied to some extent upon a resolution of the petitioner's board of directors reciting its opinion that all the purchased property was of the fair market value of $95,000. Whether this was competent evidence we need not decide; the resolution certainly expressed no opinion as to the value of the land condemned, which was only a small portion of two of the six tracts. These two adjacent tracts, each having an ocean frontage of 100 feet, were set up on the petitioner's books, at $20,000 and $4,000 respectively; and they, together with a third tract set up on the books at $21,000, were conveyed to the petitioner by a single deed which bore revenue stamps of $45, from which an inference was drawn that the three tracts were valued at $45,000. The value of $24,000 for the two tracts was reduced to a cost base of $21,798.81 by reason of subsequent transactions which need not be described. This figure of $21,798.81 was represented in the petitioner's 1931 income tax return as the basic value of the property condemned. Relying upon these facts and also upon the presumption of correctness of the commissioner's determination, the Board found that the two tracts involved in the condemnation had a fair market value of $24,000, being $120 per front foot of ocean frontage, on the date of acquisition, and the part condemned had an adjusted cost basis of $21,798.81. Reliance on the presumption was improper, for the commissioner had abandoned it and sought an increased deficiency, as in the Margaret Wainwright case. The admission contain-

ed in the petitioner's 1931 tax return does not seem to us sufficient to sustain the finding, for obviously the petitioner took from its books the adjusted cost basis of the entire two tracts, of which only a part was condemned. Moreover, the amount of the condemnation award, $105,340.20, although correctly found to represent more than the fair market value at the date of condemnation, strongly suggests, when coupled with the proof that there was no substantial difference in value between 1923 and 1925, that the book values of the two tracts were entered at figures much below actual values. We think the proof was inadequate and that the case should be remanded for further evidence.

(3) All the petitioners urge that the Board erred in determining that the condemnation awards did not include consequential or severance damages to their remaining property not taken. The Board thought that in view of the distinction made in the condemnation decree between land and improvements, the term "land" as used by the court meant only land actually taken and did not include damages to other land or property. Terry's testimony (fol. 615) supports the view that no consequential damages were allowed. Moreover, the Board found that, assuming the question to be open, the condemnation did not decrease the value of the remaining land. This finding is controlling, since it is supported by the testimony of Terry, May and Haynes.

(4) Finally, it is contended that the Board erred in holding that such part of the awards as was denominated "interest" was taxable as ordinary income and not as capital gain. This question only concerns the individual petitioners, John W. Wainwright and Estate of Margaret Wainwright, since the corporate taxpayers are taxable at the same rate however the question be decided. Section 13(a), Revenue Act of 1928, 45 Stat. 797, 26 U.S.C.A. § 13 and note. We believe the petitioners' contention is sound. It is uniformly held that an owner is entitled not only to the value of the land condemned at the time of the taking but also to such additional sums as will indemnify for delay in payment of the award. Such additional sums are not considered normal interest but part of the compensation awarded for the property taken. Thus, they may be recovered against the United States as part of "the just compensation," although by section 177 of the Judicial Code, as amended, 28 U.S. C.A. § 284, interest may not be collected from the United States on unpaid accounts or claims. Seaboard Air Line Ry. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L. Ed. 664; Phelps v. United States, 274 U. S. 341, 47 S.Ct. 611, 71 L.Ed. 1083; Shoshone Tribe v. United States, 299 U.S. 476, 57 S.Ct. 244, 81 L.Ed. 361. Such "interest" is also considered as part of the condemnation award by the courts of New York. Matter of City of New York, 222 N.Y. 370, 373, 118 N.E. 807; Woodward-Brown Realty Co. v. City of New York, 235 N.Y. 278, 139 N.E. 267. It is accorded similar treatment by section 976 of the Greater New York Charter which provides that "interest at the legal rate upon the sum or sums to which the owners are justly entitled * * * shall be awarded * * * as part of the compensation to which such owners are entitled." Cases dealing with payments made to individuals by the Mixed Claims Commission afford a persuasive analogy to the rule that should be applied in the cases at bar. Drier v. Helvering, 63 App.D.C. 283, 72 F.2d 76; Commissioner v. Speyer, 2 Cir., 77 F.2d 824; Helvering v. Drier, 4 Cir., 79 F.2d 501. In each of these cases a portion of the payments received by the taxpayer had been designated as interest, and the commissioner contended that such "interest" was part of the taxpayer's normal income; but this argument was rejected on the ground that no taxable income was received so long as the total of the award did not exceed the value of the property taken. It is obvious that in these cases the interest on the award was treated as part of the capital, for if it had been considered normal interest it would have been taxable as such irrespective of whether the taxpayer had already received a sum equal to the value of the property taken. In United States Trust Co. v. Anderson, 2 Cir., 65 F.2d 575, this court held that interest on a condemnation award was taxable, but whether it was normal income or capital gain was not discussed. For the reasons above stated we think that the portion of the awards denominated interest should be taxed as capital gain.

The orders are affirmed in the cases of Seaside Improvement Company, Wainwright & Smith Company and Wainwright, Remsen & Tator Corporation; they are

reversed in the cases of John W. Wainwright, Estate of Margaret Wainwright and Jamieson Associates, Inc., and the causes are remanded for further proceedings in conformity with this opinion.