### ISAAC G. JOHNSON & CO. v. UNITED STATES.

District Court, S. D. New York.

May 2, 1944.

John J. McKelvey, of New York City, for petitioner.

James B. M. McNally, U. S. Atty., for Southern District of New York, of New York City (John B. Creegan, Asst. U. S. Atty., of New York City, of counsel), for defendant.

CLANCY, District Judge.

In 1933 the State took certain lands of petitioner, the 1939 value of which was $125,000. It was awarded therefor $143,-183.83 of which $110,755.25 represented the value of the land at the time of vesting in the State, the remaining $32,428.58 representing an interest calculation thereon and thereafter to the date of payment. The conduct of the condemnation proceeding cost the petitioner for legal fees and expenses $29,968.96. $10,018.79 of this was incurred during and entered as an expense in petitioner's return for the fiscal year ending June 30, 1934. A like expense of $19,950.17 was incurred and paid in 1939. By bookkeeping entry on the corporation's books the 1934 item was consolidated with the latter item to state its total expenses in the condemnation proceeding. Reporting the original item in the 1934 return had not affected the tax obligation of the corporation for that year.

In its return for the year ending June 30, 1939, petitioner reported as income the sum of $32,428.58 above described paid to it as part of the damage award and deducted therefrom as a business expense, $29,768.96, the total of its expenses in the condemnation litigation including the item of $10,018.79 originally deducted in 1934. A capital net loss of $2,000, the statutory limit, was taken by deducting the value found as of the date of vesting from the 1913 value. The Commissioner disagreed with this method of reporting. He denied any place in the report for the inclusion of $10,018.79 which had been reported in 1934 and allowed the balance of litigation expenses only as an addition to the cost of the property. All of the $32,428.58 item included in the award was held to be interest and taxed as income. Then the taxpayer plaintiff insisted that the sum reported by it as income and so regarded by the Commissioner should be added to the proceeds of the sale of the property for the purpose of computing capital gain or loss. The Commissioner persisted in his computation and assessed the tax accordingly

which the plaintiff paid. It then made claim for refund and brought this suit upon denial of its claim.

The taxpayer claims that his suit is supported by Kieselbach v. Commissioner, 317 U.S. 399, 63 S.Ct. 303, 87 L.Ed. 358. The taxpayer in that case had received a principal award in excess of the claimed value of his land and plaintiff construes the opinion closely to that fact. The Court in its opinion adverted to three cases: Helvering v. Drier, 4 Cir., 79 F.2d 501; Commissioner v. Speyer, 2 Cir., 77 F.2d 824, and Drier v. Helvering, 63 App. D.C. 283, 72 F.2d 76. These cases all involve payments of awards on account of war claims allowed by the Mixed Claims Commission. While failure of payment of the full amount awarded was an additional consideration for the decision in the first two of these cases, all of them hold that until the original principal claimed and sought to be recovered under the Settlement of War Claims Act, 45 Stat. 254, was actually restored to the claimant, no part of the award constituted income. After consideration we find ourselves unable to distinguish the situation of the claimants in those cases from that of the plaintiff here as owner of the condemned land and conclude that their authority has been rejected. We cannot agree that the opinion or decision of the Kieselbach case is susceptible to the narrow construction on which plaintiff insists. Furthermore our Circuit Court, in Commissioner v. Appleby's Estate, 123 F.2d 700, revealed a limited confidence in its conclusions expressed in Seaside Improvement Co. v. Commissioner, 2 Cir., 105 F.2d 990, where the tax basis value of the property exceeded the award even though Appleby's award greatly exceeded the tax basis of his property. Appleby v. Com'r, 41 B.T.A. 18. We hold that the whole increment to the principal sum of the award must be held taxable income.

But we think the Commissioner erred in holding that the expenses of conducting the condemnation case are not deductions from income in the years in which the expenses were incurred. He is supported by Williams v. Burnet, 61 App.D.C. 181, 59 F.2d 357. It seems clear to us from the opinion in that case that the Court understood the entire award of principal. It is now established that the excess over the principal award allowed by way of interest is general income and this was gained to an indistinguishable extent by the expenses we are discussing. Three years after the Burnet decision, this Circuit decided the question otherwise in Commissioner v. Speyer, 77 F.2d 824, and cited Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505. The taxpayer there was embroiled in a lawsuit where his defense was to prove that stock which he owned had not come to him as income of a dissolved law partnership. The decision sustained the deduction of expenses for conducting the suit as business expenses although the taxpayer was obviously struggling to retain as his own what was a capital asset, holding that his expense incurred in attempting to retain his earnings after their receipt was deductible as a business expense. The Board of Tax Appeals, in Briant v. Commissioner, 6 B.T.A. 651, allowed deductions from general income of the expenses of a foreclosure occasioned by the nonpayment of a business debt. The expense of enjoining an illegal condemnation was held an ordinary business expense in Reakirt v. Commissioner, 29 B.T.A. 1296. Condemnation expenses were disallowed as a deduction from income in Williams v. Com'r of Internal Revenue, 21 B.T.A. 109, because the property condemned was not used for any business of the taxpayer. The expenditure of the moneys claimed here as deductions was not precipitated by a business operation of the plaintiff but it arose out of the fact that the business had location—a necessary attribute. See Commissioner v. Chicago Dock & Canal Co., 7 Cir., 84 F.2d 288. Production of the recorded deed proved title prima facie and that required no lawyer and the litigation could not have proceeded without such initial proof; so the expenses cannot be said to have gone to defend or fortify title within the language of Article 24-2, Regulation 101, under the Act of 1938. We will allow them to what extent they were spent in the taxable year.