In the Matter of the Application of THE CITY OF NEW YORK, etc., Relative to Acquiring Title to Lands, etc., on Upper New York Bay, between Simonson Avenue, Clifton, and Arrietta Street, Tompkinsville, in the Borough of Richmond, City of New York, Pursuant to a Certain Plan Determined upon by the Commissioner of Docks on March 27, 1919, and Approved and Adopted by the Commissioners of the Sinking Fund on May 8, 1919.

THE CITY OF NEW YORK, Appellant; THE STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY and Others, Respondents.

Second Department, February 19, 1926.

Eminent domain — proceedings by city of New York to acquire lands under water on east shore of Staten Island — easement in lands under water within lines of street extended — map introduced in evidence without limitation to show closing of street cannot be limited in effect — said street was legally closed and title in fee thereof became free from easement — city did not have easement in lands under water within extended lines of street.

In proceedings by the city of New York to condemn lands under water on the east shore of Staten Island in which the question involved is the right of the city to lands under water within the extended lines of streets intersecting the shore line, the introduction by the city of a resolution and map closing a street

which formerly intersected the shore line, which resolution and map was introduced without limitation as to its use as evidence, justifies the court in holding that at the time of the condemnation proceedings the street in question had been closed to the shore line and, therefore, the city did not have any easement in lands under water within the lines of the street extended.

REARGUMENT of an appeal by the petitioner, The City of New York, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Richmond on the 28th day of March, 1924, dismissing the claim of title made by the city of New York to certain lands under water within the projected lines of Simonson avenue, Vanderbilt avenue, Hannah street and Arrietta street on the east shore of Staten Island out to the pierhead line fixed by chapter 898 of the Laws of 1895.

*Henry W. Mayo [George P. Nicholson, Corporation Counsel,* with him on the brief], for the appellant.

*Royal E. T. Riggs [A. S. Gilbert* with him on the brief], for the respondents the Staten Island Rapid Transit Railway Company and others.

YOUNG, J.  In our original decision of this appeal we decided in substance that as Hannah street went to the water's edge on January 1, 1898, when the Greater New York charter took effect, the city had an easement for street purposes in the lands under water between the lines of that street as extended out to the pierhead line.  (215 App. Div. 204.)  Upon the settlement of the order, however, respondents' counsel points out that that portion of the street extending from Bay street out into the water and to the railroad trestle had been closed in 1912 by a resolution of the board of estimate and apportionment introduced in evidence by appellant.  It was further argued that whatever public easement existed in the lands under water in question ceased to exist when the street was closed and, therefore, could not have existed on October 11, 1919, the date of the taking of title by the city in this proceeding.

As the appeal in this case was determined upon a theory somewhat different from that presented by either party, this precise question was not argued upon the briefs upon the original argument. A reargument of this question was, therefore, ordered by the court on its own motion.  (216 App. Div. 723.)

It is urged by appellant's counsel that the purpose of the introduction in evidence of the resolution closing Hannah street and the map accompanying the same was solely to prove the recognition of Hannah street as a public street running to the water in 1912, long after the Greater New York charter took effect, and that there is no legal proof that all the conditions precedent provided

by the charter and the Street Closing Act were complied with or that a street closing proceeding was ever begun to award compensation to the abutting owners, and that, therefore, there is not sufficient evidence upon which to base a finding upon this subject. But there is nothing in the record to show that the purpose of introducing this resolution and map in evidence was in any way limited and, as they were received in evidence without objection, they should be given full effect. I think further that it may be presumed that the city authorities had complied with the charter requirements and the requirements of the Street Closing Act and that, therefore, the resolution effected a legal closing of the street.*

It results, therefore, that upon the closing of this street in 1912 the public easement was extinguished, leaving the title in fee to the bed of the street in the respondent, The New York Transit and Terminal Company, the abutting owner, freed of any easement for street purposes. When the city took title in 1919 under this proceeding, Hannah street did not, therefore, go to the water's edge and the common-law principle discussed in our original opinion could have no application to this street, and there could at that time have been no public easement for street purposes over the lands under water abutting the street.

Our decision in this case should, therefore, be modified so as to find that Hannah street from Bay street to the right of way of the Staten Island Rapid Transit Railway Company was closed in 1912 under a resolution of the board of estimate and apportionment of the city of New York and the public easement therein extinguished, and that on October 11, 1919, the New York Transit and Terminal Company was the owner in fee of the lands under water abutting said street, and that the city of New York had no title thereto, nor any easement therein.

Kelly, P. J., Rich, Manning and Kapper, JJ., concur.

Upon reargument the decision of this court made on January 15, 1926, is modified in accordance with opinion.

---

* See Greater New York charter (Laws of 1897, chap. 378), § 436, and Greater New York charter (Laws of 1901, chap. 466), § 442, as amd. by Laws of 1903, chap. 409; since amd. by Laws of 1913, chap. 329, and Laws of 1917, chap. 632; Street Closing Act (Laws of 1895, chap. 1006), as amd.— [Rep.·