**WILLIAMS v. BURNET, Commission of Internal Revenue (two cases).**

Nos. 5429, 5430.

Court of Appeals of the District of Columbia.

Argued April 6, 1932.

Decided May 23, 1932.

R. Kemp Slaughter and Hugh C. Bickford, both of Washington, D. C., for appellants.

C. M. Charest and Frank M. Thompson, both of Washington, D. C., G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, S. D. Hanson, and J. P. Jackson, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appeals involving certain deductions taken by appellants in their income tax returns for 1921, 1922, 1924, 1925, and 1926.

It appears that in the year 1919, and for many years prior thereto, appellants owned a tract of land situate along the water front on Staten Island, N. Y. The property was suitable for business purposes, and appellants had used portions of it in carrying on various business enterprises. A part of the land was occupied, under lease from appellants expiring in 1923, by the firm of Ichabod T. Williams & Sons, a copartnership engaged in the wholesale lumber business. One of the appellants was a member of that firm. Another part of the property was under lease expiring in 1928, to the Edgewater Saw Mills Corporation, of which appellants, together with other parties, were stockholders. Other portions of the property had been transferred by appellants to the Stapleton Dock & Warehouse Corporation, a holding corporation, the capital stock of which was owned in equal shares by appellants.

On July 1, 1919, the commissioners of the sinking fund of New York City instituted proceedings to condemn the property for public uses in connection with the improvement of the water front and harbor facilities of New York City. Title to the property was regularly taken over by the city and notice was given for the owners to file with the court their claims for compensation. Thereafter such claims were filed by appellants, and on March 13, 1925, a judgment for $3,792,090.74 was recovered by them in the Supreme Court of Kings County. This judgment was affirmed by the Appellate Division (Matter of City of New York, 215 App. Div. 204, 213 N. Y. S. 486; Id., 215 App. Div. 438, 214 N. Y. S. 234), and the latter judgment was affirmed by the Court of Appeals (246 N. Y. 1, 157 N. E. 911).

During the years 1921, 1922, 1924, 1925, and 1926 appellants made various expendi-

358

tures in connection with the prosecution of their claim for compensation, including attorneys' fees, appraisals, and other like expenses. These expenditures were reasonable and necessary for their intended purpose, and their amount is not disputed.

In their income tax returns for the years in question, appellants took deductions for these expenditures, upon the ground that they were ordinary and necessary expenses paid in carrying on a trade or business within the meaning of sections 214 (a) (1) of the Revenue Acts of 1921, 1924, and 1926.

The deductions were disallowed by the Commissioner of Internal Revenue, and his decision was sustained by the Board of Tax Appeals. 21 B. T. A. 109. This appeal followed.

The section in question reads as follows:

"Sec. 214. (a) That in computing net income there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *" Revenue Act 1921, 42 Stat. 227, 239.

The corresponding sections of the Revenue Acts of 1924 and 1926 are in identical language. 43 Stat. 253, 269, and 44 Stat. .9, 26 (26 USCA § 955, subd. a (1).

In our opinion the fees and costs paid by appellants in the prosecution of their claim for compensation do not answer to the description of "ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business." It is true that parts of the condemned lands had been leased by appellants to various business enterprises in which appellants were shareholders, but the expenditures in question were not incurred or paid by any of these. The land belonged to appellants as individuals, and compensation for it was due to them individually. The expense of the prosecution of their claim to compensation for the taking of their property was not incurred in carrying on a trade or business, or in producing or protecting taxable income. At most it was a capital expense in the protection of their rights arising from the ownership of the property, and in that aspect, as a loss, might be taken into account as a part of the cost of the property.

The present case bears a strong analogy to the defense by a taxpayer in a case involving the title to his lands. In Treasury Regulations 2 (1922 Ed.) art. 293, it is provided that the costs of such a defense constitutes part of the cost of the property, and is not a deductible expense. The regulations of the Treasury Department under the Revenue Acts of 1921, 1924, 1926, and 1928 in effect limit deductible expenses under the provision for "ordinary and necessary expenses in carrying on a trade or business" to the current operating expenses incurred in producing the income. Reg. 45, arts. 101–111; regs. 65 and 69, arts. 101–112; reg. 74, arts. 121–132. Such a long-continued administrative construction is not to be overruled unless plainly wrong. Universal Battery Co. v. United States, 281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051. The failure of Congress to enact legislation disapproving such administrative construction constitutes an implied approval thereof. Brewster v. Gage, 280 U. S. 327, 337, 50 S. Ct. 115, 74 L. Ed. 457; Poe v. Seaborn, 282 U. S. 101, 117, 51 S. Ct. 58, 75 L. Ed. 239; McCaughn v. Hershey Chocolate Co., 283 U. S. 488, 492, 51 S. Ct. 510, 75 L. Ed. 1183. See Simmons Co. v. Commissioner of Internal Revenue (C. C. A.) 33 F.(2d) 75. It has been held by this court in Hutchings v. Burnet, Commissioner, 58 F.(2d) 514, decided March 28, 1932, that the cost of defending taxpayer's title to ore lands which were not operated by taxpayer was not an ordinary and necessary expense incurred in carrying on a trade or business.

We have examined the authorities cited by appellant, including Kornhauser v. United States, 276 U. S. 145, 48 S. Ct. 219, 72 L. Ed. 505, but we think that the facts involved in the present case differ essentially from those in the cases cited by appellant.

The decisions of the Board of Tax Appeals are accordingly affirmed.

Affirmed.