# HELLER v. COMMISSIONER OF INTERNAL REVENUE.

## COMMISSIONER OF INTERNAL REVENUE v. HELLER.

### No. 10679.

Circuit Court of Appeals, Ninth Circuit.

Jan. 27, 1945.

Samuel S. Stevens, Lloyd W. Dinkelspiel, and Victor E. Cappa, all of San Francisco, Cal., for taxpayer.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, Harold C. Wilkenfeld, and Helen Goodner, Sp. Asst. to Atty. Gen., for the Commissioner.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

On order of this court, the proceedings on the petition of Walter S. Heller, taxpayer, and the petition of the Commissioner of Internal Revenue for review of the decision of the Tax Court are consolidated.

The question raised by the petition of the Commissioner of Internal Revenue is whether attorney's fees paid by the taxpayer in connection with litigation for the cash value of shares of stock were allowable as a deduction from gross income. The Tax Court found they were.

The Commissioner contends these fees were incurred in a matter pertaining to assets of a purely capital nature and were therefore a capital expenditure and not deductible.

The facts are stipulated. During the year 1937, a merger of Associated Oil Company into the Tidewater Oil Company was under way. The taxpayer and several other stockholders refused to accept Tidewater stock in exchange for their stock in Associated Oil. Pursuant to the provisions of Section 369 of the California Civil Code, suit was commenced for the cash value of Associated Oil stock. The attorney's fees in question were incurred in the prosecution of this litigation. The amount of $2,145 was deducted as attorney's fees in the 1937 tax return. The Tax Court in its findings of fact found that in this litigation the taxpayer was not defending or asserting his title. He had title and was then concerned with receiving the cash value of his shares of stock and in the determination of the amount due. This litigation, the Tax Court said, was concerned with the production of income or collection of income in connection with the management of property held for the production of income. The law states that expenses may be deducted where they have been paid during the taxable year for the production or collection of income or for the management, conservation or maintenance of property held for the production of income. The decision of the Tax Court on this question turns upon its findings of fact, and there is no reversible error here.

The second question for review, the question raised by the taxpayer's petition, is whether or not the reorganization of Heller, Bruce & Company, a Delaware corporation, was a tax-free reorganization within the provisions of Section 112(b)(3) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 112(b)(3). The Tax Court held that it was.

On January 1, 1927, Heller, Bruce & Company was duly incorporated pursuant to the law of the State of Delaware. Said Delaware corporation issued its stock in exchange for the assets of a partnership previously conducted in California under the same firm name. The exchange of the stock for the assets of the partnership was a non-taxable exchange. The Delaware corporation's officers and directors were the former partners and their employee. The Delaware corporation engaged in the same investment banking business and had the same office which said partnership had had. At all times the principal officers of the Delaware corporation were Walter S. Heller, president, Harry A. Bruce, vice-president, and Edith C. French, secretary and treasurer. On December 6, 1937, Heller Bruce and Company was organized under the laws of California. The minutes of the

first meeting of the Board of Directors of the California corporation show that the President announced that the California corporation had been organized to acquire and carry on the business of the Delaware corporation. On December 15, 1937, the taxpayer borrowed $200,000 from the Wells Fargo Bank and Union Trust Company, which he deposited in his name. On the same date, the taxpayer drew checks totalling $195,355 payable to the California corporation. Edith French and Harry A. Bruce also gave their checks, making an aggregate of $201,500 deposited to the account of the California corporation in the same bank. The taxpayer's checks were in payment of stock issued to him by the California corporation on December 15, 1937. On the same day the directors of the California corporation adopted a resolution authorizing the purchase of the assets of the Delaware corporation for the sum of $681,-741.41. On the same date, the directors of the Delaware corporation resolved to accept this sum for the assets of the Delaware corporation and also passed a resolution to liquidate and wind up the business of the Delaware corporation. The Delaware corporation owed the Wells Fargo Bank and Union Trust Company $565,000. On December 16, 1937 the California corporation borrowed $565,000 from Wells Fargo Bank and Union Trust Company and deposited it in its account and on the same date issued a check in the amount of $681,-741.41 to the Delaware corporation for its assets. The bank retained the Delaware corporation loan collateral for collateral of the California corporation loan. The Delaware corporation issued its check in the amount of $135,000 to the taxpayer in liquidation of his stock, and this amount the taxpayer applied on his loan at the bank. A certificate of dissolution of the Delaware corporation was issued December 20, 1937. In his income tax for 1937, the taxpayer claimed a capital loss deduction of $51,488.-05 in connection with the disposition of his preferred stock in the Delaware corporation.

After these initial steps were taken, the directors and officers of the California corporation were the same officers and directors that had been such in the Delaware corporation. The California corporation used the same office and the same personnel and continued the same business with substantially the same customers. The only difference existed in that the corporation was now a California corporation and not a Delaware corporation.

In explanation of why the corporation was originally incorporated in Delaware, the taxpayer testified that "The purpose was that the laws were more liberal than under California law; by that I mean you were allowed to do more things in a business way. The California laws at the time were rather limited as to corporations." Then later the taxpayer testified in reference to the reorganization of the corporation that "in the interim the California law had been amended and there was no longer a purpose in being incorporated in Delaware. There was a filing fee. Also, corporations who were incorporated in Delaware at that time were more or less frowned upon and we wanted to return to a California corporation."

The Tax Court held that no gain or loss could be recognized because all the steps taken here effected an exchange of stock in one corporation for stock of another pursuant to a plan of reorganization.

In Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 64 S.Ct. 239, 247, the Supreme Court said:

" * * * Whether an apparently integrated transaction shall be broken up into several steps and whether what apparently are several steps shall be synthesized into one whole transaction is frequently a necessary determination in deciding tax consequences. Where no statute or regulation controls, *the Tax Court's selection of the course to follow is no more reviewable than any other question of fact.*" [Emphasis added]

In line with the principle of the cited case, and in view of the fact that there is "warrant in the record" [1] to support the findings of the Tax Court, the judgment appealed from is affirmed.

---

[1] At page 501 of 320 U.S., at page 246 of 64 S.Ct., in the opinion quoted from, the following occurs: " * * * Its [Tax Court's] decision, of course, must have 'warrant in the record' and a reasonable basis in the law. But 'the judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body.' * * * " The administrative body here was the Tax Court.