## ISAAC G. JOHNSON & CO. v. UNITED STATES.

### No. 330.

Circuit Court of Appeals, Second Circuit.

June 12, 1945.

John Jay McKelvey, of New York City, for taxpayer.

John F. X. McGohey, U. S. Atty. (John B. Creegan, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before SWAN, CHASE, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The taxpayer is a New York corporation from which the state of New York took by eminent domain certain lands and lands under water for the straightening of the Harlem Ship Canal. New York Laws 1933, Ch. 624. Title vested in the state September 27, 1933 but the amount of compensation payable for the condemned property was not determined until the termination of litigation by judgment of the New York Court of Claims, pursuant to which the corporation was paid $143,183.83 during its fiscal year ending June 30, 1939. This sum consisted of two items: $110,755.25, was the value found for the property as of the date title vested in the state, and $32,428.58, represented "interest" thereon at 6% per annum from the vesting of title on September 27, 1933, to the date of entry of judgment in 1939. The legal fees and expenses incurred by the corporation in the condemnation proceeding totaled $29,968.96. Hence the net compensation received was

nearly $12,000 less than the 1913 value, agreed to be $125,000, which was the taxpayer's basis for the condemned property. The corporation's capital net loss, however, was limited to $2,000. Sec. 117(d) (1) Revenue Act of 1938, 26 U.S.C.A.Int.Rev. Acts, page 1062.

In computing the corporation's income tax for the fiscal year 1939 the Commissioner included as income the "interest" item of $32,428.58, and disallowed any de-. duction for legal fees and expenses, which he ruled to be capital items. This resulted in a deficiency assessment which the taxpayer paid and, after a claim for refund was rejected, sought to recover by the present action. The district court sustained the Commissioner's ruling as to the "interest" item but allowed the plaintiff to deduct as a business expense $19,950.17 of its legal fees and expenses incurred in the condemnation proceeding.[1] The result was a judgment for the plaintiff in the sum of $5,001.92, which was some $1500 less than its claim. Both parties have appealed, the plaintiff contending that the court erred in ruling that the "interest" item is income, even though the entire amount received as compensation, less expenses, is less than the cost basis of the condemned property, and the defendant contending that it was error to allow any of the condemnation expenses to be deducted because they are capital items.

■ The district judge was of opinion that Kieselbach v. Commissioner of Internal Revenue, 317 U.S. 399, 63 S.Ct. 303, 306, 87 L.Ed. 358, required the holding that the portion of the award designated as interest or payment for delay was income; and we agree.[2] It is true that the Kieselbach principal award was in excess of the cost basis of the property, and here it is less than the cost basis; but we cannot read the opinion as justifying a different result because of this factual distinction. The opinion states very definitely that the so-called interest is "not a part of the sale price," but "is income under Sec. 22, [26 U.S.C.A.Int.Rev.Acts, page 825] paid to the taxpayers in lieu of what they might have earned on the sum found to be the value of the property on the day the property was taken." If not part of the sale price, it cannot be used to determine whether there was gain or loss but remains taxable income regardless of gain or loss.[3] On the taxpayer's appeal the judgment must be affirmed.

■ In allowing the deduction of expenses incurred in the condemnation proceeding as business expenditures, the district court was in error. The record shows that these expenses were incurred in each of the taxable years 1935 to 1939 without indicating how much was incurred in any year. If they were business expenses it would be necessary to apportion them to the year in which the deduction could properly be claimed. The taxpayer filed returns on the accrual basis. But we regard them as capital expenditures. Williams v. Burnet, 61 App.D.C. 181, 59 F.2d 357, supports the defendant's position and in our opinion is correctly decided. See also Washington Market Co. v. Commissioner of Internal Revenue, 25 B.T.A. 576, 582; Mary W. T. Connally v. Commissioner of Internal Revenue, 32 B.T.A. 920, 925, allowing legal fees and expenses incurred in defending a condemnation suit to be deducted as capital expenditures from the total award in order to determine the taxable gain.[4] Cf. L. B. Reakirt v. Commissioner of Internal Revenue, 29 B.T.A. 1296, affirmed 6 Cir., 84 F. 2d 996. On the defendant's appeal the judgment must be reversed and the complaint dismissed. It is so ordered.

---

[1] The balance of such fees and expenses, namely, $10,018.79, had been incurred in 1934 and claimed as a deductible expense in the corporation's income tax return for that year, although the deduction had not affected its income tax obligation as the return showed a loss without such deduction.

[2] Our previous holdings to the contrary in Seaside Improvement Co. v. Commissioner of Internal Revenue, 2 Cir., 105 F.2d 990, certiorari denied 308 U.S. 618, 60 S.Ct. 263, 84 L.Ed. 516, and Commissioner of Internal Revenue v. Appleby's Estate, 2 Cir., 123 F.2d 700, can no longer be followed.

[3] We are not required to decide whether, where the taxpayer, as here, is on the accrual basis, the interest should be considered income for the year in which it was earned rather than the year in which the entire award was received. This question was not raised either below or here.

[4] Expenses incident to a sale of a capital asset are ordinarily to be treated as capital expenditures. Victoria Paper Mills Co. v. Commissioner of Internal Revenue, 32 B.T.A. 666, affirmed Victoria Paper Mills Co. v. Helvering, 2 Cir., 83 F.2d 1022.