**UNITED STATES of America,**
**Appellant,**

v.

**Theodore PATE and Richard E. Pate, as**
**co-executors of the Estate of Rachel**
**M. Pate, Deceased, Appellees.**

**Nos. 5739, 5740.**

United States Court of Appeals
Tenth Circuit.

April 9, 1958.

James P. Turner (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Helen A. Buckley, Attys., Dept. of Justice, Washington, D. C., Donald E. Kelley, U. S. Atty., and Vernon V. Ketring, Asst. U. S. Atty., Denver, Colo., were with him on the brief), for appellant.

Dayton Denious, Denver, Colo., for appellees.

Before BRATTON and PICKETT, Circuit Judges, and RICE, District Judge.

EUGENE RICE, District Judge.

The tax problem involved in this appeal was submitted to the trial court upon a stipulation of facts.

Briefly, the substance of the stipulation with respect to the immediate problem involved is that Rachel M. Pate, hereinafter referred to as the taxpayer, during her lifetime was the owner of a certain building in Denver, Colorado, held as rental property and from which she received rental income. In 1948 the building was destroyed by fire. The taxpayer made claim against Underwriters Salvage Company claiming that the fire resulted from the negligence of said salvage company. The company denied liability. The taxpayer then employed an attorney and brought suit in the United States District Court of Colorado. She was successful in the litigation and recovered the principal sum of $52,088.05. See Underwriters Salvage Company of New York v. Davis and Shaw Furniture Company, 10 Cir., 198 F.2d 450. Attorneys fees and expenses incurred in the litigation amounted to $19,433.65.

The stipulation provides that for federal income tax purposes the building, when destroyed, had a zero basis and that the entire principal amount collected on the judgment, less any proper offsets or reductions, was taxable as a long-term capital gain.

In her original return, taxpayer treated the attorney fees and expenses as a capital expenditure or offset against the amount of the judgment recovered and reported the difference as her taxable long-term capital gain and paid a tax on 50 per cent thereof. In her amended return, she reported the total amount of the judgment as a long-term capital gain and one-half of said amount as her net taxable capital gain. She then deducted from her gross income so determined the full amount of the attorney fees and expenses. In so doing, she treated the attorney fees and expenses as "ordinary and necessary expenses" incurred in recovering the value of the property that had been destroyed.

Based upon the amended return, taxpayer filed claim for a refund which was rejected by the Commissioner of Internal Revenue. The Commissioner determined a deficiency against the taxpayer with respect to her income tax for 1952 for the reason she had included as a part of her capital gain the interest on the principal sum of the judgment. Taxpay-

er paid the deficiency, and within the time provided by law these suits were instituted. Taxpayer filed civil action No. 5086. Taxpayer died and the co-executors of her estate were substituted as parties plaintiff. The co-executors then filed civil action No. 5340.

The concluding paragraph of the stipulation is as follows:

"It is agreed that the sole issue to be determined by this Court in both of the pending actions is whether the sum of $19,433.65, paid by Mrs. Pate to her attorney for his services and advances with respect to the recovery of a judgment against Underwriters Salvage Company for negligence resulting in the destruction of her rental property, should be treated, for federal income tax purposes, as an offset against the principal amount of the judgment $52,088.05, as contended by the defendant, or should be allowed in full as a deduction under Sections 23(a) (1) or (2) of the Internal Revenue Code of 1939, as contended by plaintiffs."

Both the taxpayer and the Government filed separate motions for summary judgment based upon the pleadings and stipulation of facts. Taxpayer's motion was granted and judgment entered in her favor. The effect of the judgment was to sustain the contention of the taxpayer that the attorney's fee and expenses incurred in connection with obtaining the judgment for the negligent destruction of her warehouse were deductible in full as ordinary and necessary expenses under 26 U.S.C.A. § 23(a)(1) and (2) (Internal Revenue Code of 1939, as amended) and to refuse the contention of the Government that such expenses were allowable only as an offset (capital expenditure) against the judgment.

26 U.S.C.A. § 117(j) (Internal Revenue Code of 1939, as amended) deals primarily with capital gains and losses and in part provides as follows: "Losses upon the destruction, in whole or in part * * * of property used in the trade or business * * * shall be considered losses from a compulsory or involuntary conversion." Section 23 deals primarily with deductions from gross income and in part provides: "In the case of an individual, all the *ordinary and necessary* expenses (emphasis supplied) paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income [are deductible]."

Although the building was not a capital asset under Section 117(j), the legal effect of the destruction was to convert the recovery in damages into a capital gain of which only 50 per cent was taxable.

Apparently, for the first time, there is presented the question of the proper treatment to be given legal fees and expenses incurred in the recovery of a judgment for the negligent destruction of property.

The burden of the Government's argument is that the present situation is analogous to the condemnation of property, or the commission involved in the purchase of stocks, or expense involved in defending or protecting title to real property.

Attorney fees incident to a condemnation action, which is an involuntary conversion, have been held to be capital expenditures. Isaac G. Johnson & Co. v. United States, 2 Cir., 149 F.2d 851; Williams v. Burnet, 61 App.D.C. 181, 59 F.2d 357. Commissions paid in selling securities have been held to be an offset against the selling price except in the case of dealers in securities. Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52; Higgins v. Commissioner of Internal Revenue, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783; Spreckels v. Commissioner of Internal Revenue, 315 U.S. 626; 62 S.Ct. 777, 86 L.Ed. 1073. Legal expenses involved in defending or protecting title to property have been held not to be ordinary and necessary expenses but are held to be capital

charges. Bowers v. Lumpkin, 4 Cir., 140 F.2d 927, 151 A.L.R. 1336.

 On the other hand, it is the well settled general rule that sums paid to an attorney for services rendered in litigation, either to recover assets for the trade or business of the taxpayer, or defending actions to recover assets of the trade or business of the taxpayer, or prosecuting or defending other actions directly connected with the trade or business of the taxpayer, are deductible as ordinary and necessary expenses under Section 23(a)(1). Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505; Alexander Sprunt & Son v. Commissioner, 4 Cir., 64 F.2d 424; Rassenfoss v. Commissioner, 7 Cir., 158 F. 2d 764; Ticket Office Equipment Co. v. Commissioner, 20 T.C. 272, affirmed, 2 Cir., 213 F.2d 318. And it is the equally well settled rule that sums paid to an attorney for professional services rendered in connection with litigation relating to the management, conservation, or maintenance of property of a taxpayer held for the production of income but not used in a trade or business of the taxpayer are deductible under Section 23 (a)(2). Trust of Bingham v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670; Naylor v. Commissioner, 5 Cir., 203 F.2d 346; Heller v. Commissioner, 9 Cir., 147 F.2d 376; Megarel v. Commissioner, 3 T.C. 238; Rowe v. Commissioner, 24 T.C. 382.

The attorney fees involved were not incurred in a condemnation proceeding nor in the defense or protection of title to real property. The taxpayer did not make a sale of a capital asset nor did she pay a commission in connection with the sale of a capital asset.

██ The attorney fees and expenses here were spent in an attempt to require a negligent party to pay for the loss of a rent producing building and, in our judgment, should be considered as ordinary and necessary expense rather than a capital expenditure.

The judgment of the trial court is affirmed.