George S. MUNSON and Katharine S. Munson

v.

Edgar A. McGINNES, Individually and as United States District Director of Internal Revenue for the Internal Revenue District of Philadelphia, Pennsylvania.

Civ. A. No. 25568.

United States District Court E. D. Pennsylvania.

Oct. 1, 1959.

Drinker, Biddle & Reath, by Frederick E. S. Morrison, Philadelphia, Pa., for plaintiff.

Harold K. Wood, U. S. Atty., Philadelphia, Pa., Robert H. Kapp, Atty., Dept. of Justice, Washington, D. C., for defendant.

KIRKPATRICK, District Judge.

This is an action to recover a duly claimed refund of income tax in the amount of $44,362.95 alleged to have been erroneously collected as part of the plaintiff's * 1954 income tax. The defendant has moved to dismiss on the ground that the facts stated in the complaint and in the claim for refund thereto attached (and admitted for the purposes of this motion) fail to state a claim upon which relief can be granted.

The question presented is whether legal expenses incurred by the taxpayer in a suit resulting in the rescission of

---

* There are two plaintiffs, husband and wife, but in this opinion I have referred to them collectively as "the plaintiff".

the sale of corporate stock and the transfer of corporate assets are deductible from ordinary income by reason of having been incurred for the production of income within the meaning of Section 212 of the Internal Revenue Code of 1954, 26 U.S.C. § 212.

Briefly stated, the essential facts are that Bethlehem Steel Company by purchase in 1936 acquired the stock of the plaintiff and other stockholders in the Williamsport Wire Rope Company and, by means of receivership proceedings, acquired all the assets of the same company.

In 1952, upon a petition filed by the plaintiff and other stockholders, the District Court found that the sales of stock and the transfer of assets had been induced by fraud and entered a decree declaring the receiver's sale null and void and declaring Bethlehem constructive trustee of the stock and assets. Shortly thereafter, while motions for a new trial were pending, the parties agreed to a compromise settlement in pursuance of which Bethlehem paid $6,000,000., the Court vacated its decree, and the stockholders released Bethlehem from all claims arising out of their ownership of the stock. The plaintiff received some $220,000 out of which he paid counsel fees of $110,641.10. In his income tax return for 1954 he included the amount received as long term capital gain and deducted the expenditures by him of counsel fees as "ordinary and necessary expenses paid or incurred during the taxable year * * * for the production or collection of income". Internal Revenue Code of 1954, Section 212(1).

The counsel fees were disallowed as an ordinary expense deduction but were treated as a reduction of the reported capital gain.

The Treasury Regulations (Section 1.212–1) provide that "Expenses paid or incurred in defending or perfecting title to property, in recovering property (other than investment property and amounts of income which, if and when recovered, must be included in gross income) * * * constitute a part of the cost of the property and are not deductible expenses * * *" Thus, by the regulation, expenses paid in recovering property are excluded from the statutory definition of expenses paid for the production or collection of income. This distinction has been adopted in a number of decisions. See Helvering v. Stormfeltz, 8 Cir., 142 F.2d 982; Garrett v. Crenshaw, 4 Cir., 196 F.2d 185; Megargel v. Commissioner, 3 T.C. 238.

Were these fees incurred for the "recovery of property"? The taxpayer does not base his case upon the fact that in the end he did not get property but only money, evidently (and correctly) feeling that the form in which his recovery finally came to him was not conclusive upon the question of what the fees were expended for. In effect, what he contends is that his action to rescind the fraudulent sales was a mere matter of form and that what he was really trying to accomplish was to get an increase of the price over what Bethlehem had already paid him. In support of this theory he suggests that, inasmuch as Williamsport had been liquidated by Bethlehem into its business as a result of the sale, recovery of the title to the stock would have meant nothing. However, the provisions of the Court's decree nullifying the sale of the assets and rescinding the sales of stock were all in the same proceeding. Williamsport had not been dissolved and the defrauded stockholders, by virtue of the decree declaring Bethlehem constructive trustee, were in a position to enforce the company's rights against Bethlehem in respect of the assets. Whether the suit technically was to recover the stock or the assets is immaterial. Either way, it was for the recovery of property.

I do not think that it is possible to hold that the taxpayer's suit against Bethlehem was merely a legal fiction used to compel Bethlehem to pay more money for stock which it had already purchased. In fact, it appears from the decree of the Court approving the settlement that there were stockholders who had not

sold their stock to Bethlehem who participated in the proceeds of the lawsuit. The plaintiff filed a petition and prosecuted a lawsuit the basis of which necessarily was that he and not Bethlehem owned the stock. He might have sued for damages, but he elected to sue for the property. I do not believe that I am permitted to take into account an undisclosed intention on his part, in order to give a character to his suit contrary to his petition.

The fact is that the plaintiff did, to all practical intents and purposes, recover his property. By the decree of the Court, he became the equitable owner of it, Bethlehem holding it merely as constructive trustee. The effect of the settlement was to transfer his equitable title to the stock to Bethlehem exactly as though he had executed an instrument of sale with the usual phraseology. I agree with the defendant that the substance of what happened was the restoration of title to the taxpayer followed by a sale of the stock to Bethlehem. This was clearly, in fact as well as in form, a suit to recover property, ultimately settled, and nothing more. As such, the expenses of litigation must be deducted from the capital gain and cannot be treated as ordinary and necessary expenses paid for the production or collection of income.

The Court of Appeals for the Third Circuit in Condenser Service & Engineering Co. v. Commissioner, 200 F.2d 959—a case which would have been on all fours with the present case if Bethlehem had succeeded in establishing its title to the stock and was claiming *its* legal expenses as a *deduction from ordinary income*—decided that the expenses were not so deductible because incurred in defending its property. There is no logical reason to treat the successful plaintiff in a fraud action to rescind a sale differently from a successful defendant who has been able to maintain his ownership of the property in the same sort of action brought for the same purpose.

The cases cited by the plaintiff are distinguishable. In Naylor v. Commissioner, 5 Cir., 203 F.2d 346, the plaintiff was affirming his contract of sale which had been consummated by delivery of the stock and seeking to enforce it. The dispute was about the price. The case of Coke v. Commissioner, 17 T.C. 403, affirmed 5 Cir., 201 F.2d 742, involved not only a claim for stock but claims for other monies that might be due, and, if the decision be treated as allowing an apportionment of so much of the counsel fee as can be attributed to other monies recovered, I can agree with it. However, the point is not entirely clear and, if it means more than this, I can only say that it does not seem to be in accord with the great weight of decisional law. In Heller v. Commissioner, 9 Cir., 147 F.2d 376, the taxpayer was merely trying to get more money for his stock which was to be cancelled upon a merger. In United States v. Pate, 10 Cir., 254 F. 2d 480, no question of title was involved. The expenses were incurred in a suit for damages caused by negligence.

The motion to dismiss is granted.