**SMITH HOTEL ENTERPRISES, INC., a Wisconsin corporation, Plaintiff,**

v.

**Emil J. NELSON, District Director of Internal Revenue, Milwaukee, Wisconsin, Defendant.**

No. 63–C–278.

United States District Court
E. D. Wisconsin.

Dec. 17, 1964.

John M. Redford of Zillmer & Redford, Milwaukee, Wis., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., Lyle M. Turner, David A. Wilson, Jr., and Daniel J. Dinan, Attys., Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., by Franklyn M. Gimbel, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action for the refund of additional taxes paid when two deductions on plaintiff's 1959 income tax return were disallowed by the defendant. There are cross-motions for summary judgment. The parties have stipulated to the facts, and the stipulation recites that it contains all the material facts in this case.

In 1957 the taxpayer received an offer to purchase substantially all of its assets. At a meeting on February 8, 1957, two of the three stockholders voted to accept the offer. One shareholder, who owned

25% of the stock in the company, dissented. This dissenting stockholder demanded from the corporation payment of the fair value of her shares under § 180.-72 of the Wisconsin Statutes which sets out the rights of dissenting shareholders in the event of the sale of all or substantially all of the property and assets of a corporation otherwise than in the usual and regular course of its business. The dissenting shareholder followed the procedures of this section, and when she and the corporation could not agree on the fair value of the shares, a petition was filed in the Circuit Court of Milwaukee County asking for a finding and a determination of the fair value of the shares.

Prior to the petition in the Circuit Court and subsequent to the demand for the payment of the fair value of the shares, the corporation paid a dividend of $6,678.78 to the dissenting shareholder. The date of this dividend was March 29, 1957.

The judgment of the Circuit Court awarded the fair value of the shares plus 5% interest from February 7, 1957, to the date of judgment, November 18, 1958. Interest was in the amount of $29,956.24. The court also concluded that the $6,678.78 received by the shareholder should be deducted from the amount of interest awarded.

The judgment was paid in full on November 18, 1959. On its 1959 income tax return, the taxpayer deducted as an ordinary and necessary business expense $14,378.65 for legal and other professional expenses incurred in the litigation. The taxpayer also deducted the $29,956.-24 interest paid. The plaintiff was a cash-basis taxpayer.

The District Director disallowed the entire litigation expense and also disallowed $6,678.78 of the interest. The taxpayer paid the assessment resulting from these disallowances and made a claim for a refund.

There are two questions presented for determination:

1. May the $14,378.65 incurred for legal and other professional services rendered in the shareholder's litigation be deducted as an ordinary and necessary business expense?

2. May the $6,678.78 be deducted in 1959 as an interest payment?

## THE LITIGATION EXPENSE ISSUE

The District Director disallowed the deduction claimed for the expenses incurred in the litigation with the shareholder on the ground that they were capital expenditures made for the acquisition of the shares owned by the dissenting shareholder.

The taxpayer contends that the fact that title to property may be involved in litigation does not automatically render expenses incurred in that litigation nondeductible. The test established, it is argued, requires a determination of the primary purpose of the litigation. Industrial Aggregate Company v. United States, 284 F.2d 639 (8th Cir. 1960).

This rule is illustrated in a case from the Seventh Circuit—Rassenfoss v. Commissioner, 158 F.2d 764 (7th Cir. 1946). In that case a partnership hired one Campbell to act as a superintendent. Six years later Campbell asserted that he was a general partner rather than an employee. One of the partners agreed with this assertion and another disputed it. Campbell brought an action against the partners and the partnership. He sought the following relief: (1) That a receiver be appointed for the partnership; (2) that an accounting be had and he be assigned what the accounting revealed he was entitled to; (3) that his rights in the partnership and its assets be determined; and (4) that the partnership be dissolved. The matter was referred to a master. In view of his report, a compromise was effected whereby Campbell was given a 1.75% interest in the partnership and cash in full settlement. The taxpayer deducted legal expenses incurred in connection with the litigation. The Tax Court disallowed the deduction. The Court of Appeals reversed.

"* * * Laying aside the legal question as to whether petitioner

[taxpayer] had any title to the partnership assets, it is perfectly plain, so we think, that the main and primary purpose of the suit which petitioner defended was for an accounting and any question of title was merely incidental thereto. * * * " Rassenfoss v. Commissioner, supra, at 767.

The plaintiff argues that under the facts of the present case, any question of title was incidental. Under the Wisconsin statute the corporation was required to purchase the stock of the dissenting shareholder. The only purpose of the action in Circuit Court was to determine the fair value of the shares. The taxpayer's purpose in the state litigation was to keep its liability to a minimum.

In support of this position the taxpayer cites Heller v. Commissioner, 2 T.C. 371 (1943), aff'd 147 F.2d 376 (9th Cir. 1945), cert. denied 325 U.S. 868, 65 S.Ct. 1405, 89 L.Ed. 1987, as a case directly in point. There a taxpayer was allowed to deduct litigation expenses incurred in an action he brought for a determination of the fair value of his shares in a merging company. The action was brought under a California statute giving to shareholders dissenting to merger or consolidation the same relief as the Wisconsin statute here involved. The Tax Court rejected the argument that the litigation expenses should be capitalized. The government argues that this case is not pertinent since the deduction was claimed as a nontrade or nonbusiness expense under § 23(a) (2) of the Revenue Act of 1936. The Supreme Court has held that § 23 (a) (2) is comparable and *in pari materia* with § 23(a) (1) (the predecessor of § 162 of the Internal Revenue Code of 1954 involved here). Bingham's Trust v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670 (1945). See also Sergievsky v. McNamara, 135 F.Supp. 233, 237 note 7 (S.D.N.Y.1955), to the effect that the requirements of the two sections are substantially identical. See

Iowa Southern Utilities Co. v. Commissioner, 333 F.2d 382 (8th Cir. 1964).

In William C. Atwater & Co. v. Commissioner, 10 T.C. 218 (1948), the corporate taxpayer deducted litigation expenses incurred in the defense of an action in which a former employee was successful in compelling the corporation to repurchase his stock pursuant to an employment arrangement. The Tax Court allowed the deduction and held that the taxpayer was not endeavoring to acquire the stock but was resisting any obligation to repurchase and contesting the amount asked for the stock. "Title to the stock was involved only incidentally." (Page 248)

The government urges that the deduction here was properly disallowed and relies on the case of Boulder Building Corporation v. United States, 125 F. Supp. 512 (W.D.Okla.1954), to support its position. There minority shareholders dissented to the extension of the life of the corporation and an enlargement of the corporate powers. They commenced an action to fix the value of their shares under an Oklahoma statute similar to § 180.72 of the Wisconsin Statutes. The court ruled that the litigation expenses were nondeductible because they were paid in connection with the acquisition of stock. The court distinguished the Atwater case, supra, on the ground that the focal point of that case was the legal effect of an employment contract.

Counsel for the plaintiff urges that the decision in Boulder is unsound in that it disregards the fact that the taxpayer's obligation to purchase the dissenters' stock was an involuntary obligation. Under the Oklahoma statute, as well as under the Wisconsin statute, once the dissenters have demanded that the corporation purchase their shares at fair value, the corporation has no choice in the matter. After the demand has been made, the corporation's main concern is with keeping its liability to a minimum. Plaintiff's argument is sound. Viewed in this light it appears that the primary purpose of the state litigation in the

instant case was a determination of the fair value of the shares, and the involvement of title was incidental. The deduction made by the taxpayer was proper as an ordinary and necessary business expense.

## THE INTEREST ISSUE

The Circuit Court determined that the $6,678.78 paid as a dividend to the dissenting shareholder in 1957, after demand for the fair value of the shares had been made, should be deducted from the $29,956.24 interest awarded by the court. The taxpayer paid the interest in 1959 by paying $23,277.46 in cash plus an offset of $6,678.78. On the income tax return for 1959, the full amount of $29,956.24 was deducted. Of this amount, the defendant disallowed $6,678.78.

The parties have disputed the nature of this payment, the government contending it was a dividend and the plaintiff urging that it was a proper credit against the interest awarded by the state court.

■■ It is unnecessary to determine the nature of the payment in this case. Plaintiff, a cash-basis taxpayer, paid $6,678.78 in 1957. It cannot deduct that amount on its 1959 income tax return. A taxpayer on the cash method of accounting must take the deduction in the year of payment. Jones v. Fox, 162 F.Supp. 449 (D.Md.1958).

The court adopts the stipulation of facts as its findings of fact. Conclusions of law are as set forth in the foregoing opinion.

With respect to the litigation issue, plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.

With respect to the interest issue, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted.

The clerk is directed to enter judgment accordingly.