**HILTON HOTELS**

v.

**UNITED STATES of America.**

No. 65 C 1983.

United States District Court
N. D. Illinois.

Jan. 24, 1968.

Milton A. Levenfeld of Levenfeld, Kantor, Baskes & Lippitz, Chicago, Ill., for plaintiff.

Mitchel Rogovin, Donald Anderson, Robert Sama and Edward Snyder, Washington, D. C., for the United States.

## MEMORANDUM OF DECISION

LYNCH, District Judge.

One of the two issues in this case has been settled. Remaining for decision in this case is the plaintiff's claim for deductions for certain legal services accrued in 1954, 1955, and 1956.

The facts concerning the disputed issue are contained in the parties' second stipulation and are adopted by this court as its findings of fact.

It is clear to this court—and taxpayer now concedes in its brief—that the taxpayer is not entitled to a deduction for that portion of the 1956 payment to Standard Research which was for services by Standard Research in determining a fair basis of merger between Waldorf and Hilton. (Paragraphs 14 and 15 of the second stipulation). Expenses incurred in reorganizing or recapitalizing a corporation are not deductible as ordinary and necessary business expenses. General Bancshares Corp. v. C.I.R., 326 F.2d 712 (8th Cir., 1964); Gravois Planing Mill Company v. C.I.R., 299 F.2d 199 (8th Cir., 1962); Missouri-Kansas Pipe Line Co. v. C.I.R., 148 F.2d 460, 462 (3 Cir., 1945).

The only issue therefore is whether those expenses incurred by the taxpayer in connection with the appraisal proceeding are deductible.

In reaching a decision the court must consider the primary purpose of the expenditures involved, and deductibility must not be denied merely because a question of title to property is incidentally involved. Rassenfoss v. C.I.R., 158 F.2d 764 (7th Cir., 1966).

Under Section 91(9) of the New York Stock Corporation Law, McKinney's Consol. Laws, c. 59, the merger became effective when the Certificate of Consoli-

dation was filed in the office of the Secretary of State. Section 91 provides that the objecting shareholders shall have the right to have their stock appraised and paid for in the manner provided, and subject to the conditions imposed by Section 21 of the New York Stock Corporation Law.

Section 21(6) provides:

"Any stockholder demanding payment for his stock shall have no right to receive any dividends or distributions payable to holders of such stock of record after the close of business on the day next preceding the date of the stockholders' vote in favor of the action to which such objection was made, and upon such vote shall cease to have any other rights as a stockholder of the corporation in respect to such stock, except the right to receive payment for the value thereof as in this section provided * * *."

Section 21(7) provides that if the objecting stockholder demands payment as a result of action taken pursuant to Section 91, then:

" * * * the shares or other securities of the resulting or surviving corporation into which the shares of the objecting stockholder would have been converted had no objection been made shall, unless the certificate of merger or consolidation shall otherwise provide, be deemed to have been duly issued in accordance with the terms of such certificate and reacquired by the resulting or surviving corporation, and may be held or disposed of by it free of any preemptive rights of stockholders."

This court agrees with the reasoning expressed in Smith Hotel Enterprises, Inc. v. Nelson, 236 F.Supp. 303 (D.C.E.D. Wisconsin, 1964) wherein Judge Grubb held, in an analogous situation, that the taxpayer was entitled to a deduction. In that case the corporation received an offer to purchase substantially all of its assets. At a stockholders' meeting, two of the three stockholders voted to accept the offer, but the third dissented and demanded payment from the corporation of the fair value of her shares pursuant to the Wisconsin statutes setting out the rights of dissenting shareholders in the event of the sale of all or substantially all of the property and assets of a corporation. The fair value of the shares was determined by the Circuit Court of Milwaukee, and the corporation deducted its legal and other expenses incurred in connection with the litigation. The District Director of Internal Revenue disallowed the deduction on the grounds that the expenses incurred in the litigation were capital expenditures made for the acquisition of the shares owned by the dissenting shareholder.

The United States District Court in the Smith case held the expenses deductible as ordinary and necessary business expenses. Judge Grubb noted that under the Wisconsin law the corporation was required to purchase the stock of the dissenting shareholder and that the only purpose of the action in Circuit Court was to determine the fair value of the shares.

The opinion in the Smith case stated:

" * * * it appears that the primary purpose of the state litigation in the instant case was a determination of the fair value of the shares, and the involvement of title was incidental. The deduction made by the taxpayer was proper as an ordinary and necessary business expense."

■ Under the New York law the objecting stockholders in the case before this court had no interest other than to receive payment for their stock. The only purpose of the appraisal proceeding was to determine the price the dissenting stockholders were to be paid. The merger was already effective and the expenses incurred by the corporation in the appraisal proceeding were not reorganization expenses. It would not be proper to deny deductibility on the basis that the appraisal expenditures might have been foreseen as one of the consequences of the merger, any more than it would be proper to deny deductibility to expenses

incurred in changing Hilton's advertising brochures to include the Waldorf-Astoria Hotel.

For the reasons stated herein the court is of the opinion that the plaintiff should prevail on the issue now being considered.

The court notes that there is some dispute remaining between the parties as to what portion of the $17,500 payment to Standard Research was in connection with services relating to the fair basis of the merger, and what portion was in connection with services relating to the appraisal proceeding. The former expenses are not deductible; the latter are.

As stated in the second stipulation, the parties will compute the amount of any judgment which may be due. When the parties have reached agreement an appropriate judgment order should be submitted to the court. If the parties are unable to agree as to what portion of the payment to Standard Research is deductible, the issue may then be submitted to the court for determination.