**The E. R. HITCHCOCK COMPANY,**
a corporation,

v.

**UNITED STATES of America.**
**Civ. No. H–54.**

United States District Court,
D. Connecticut.
May 28, 1974.

Edward B. Scott, New Britain, Conn., for plaintiff.

Henry S. Cohn, Asst. U. S. Atty., Hartford, Conn., for defendant.

## RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

BLUMENFELD, District Judge.

This is an action to recover federal corporate income taxes for the year 1966 in the amount of $10,108.71, assessed interest of $1,364.01, plus statutory interest. Jurisdiction is conferred by 28 U. S.C. § 1346(a)(1). There is no dispute as to jurisdiction or venue. Upon a submitted stipulation of material facts, both parties have moved for summary judgment. Fed.R.Civ.P. 56.

### I. FACTS

The stipulation of facts and attached exhibits indicate that on May 24, 1965, the land and building located at 39 Chestnut Street, New Britain, Connecticut, owned by the plaintiff and in which plaintiff conducted its business, was taken by the New Britain Redevelopment Commission under its power of eminent domain. In June 1965 the plaintiff was awarded $69,000 by the Commission as just compensation for the taking of the land and building. The plaintiff then applied to the Connecticut Superior Court for a review of the condemnation award. The award was reviewed by a referee of the Superior Court. In a report dated July 29, 1966, the referee found the value of the land and building to be approximately $90,000.[1] He also stated:

"The plaintiff claims moving costs of $48,789. Increased cost of moving

---

1. The referee computed the value of the land and building in two ways with similar results. Adding the reproduction cost of the building, appropriately depreciated, to the value of the land, he arrived at a figure of $90,415. Computing the value of the building by the income approach, appropriately capitalized, and adding the value of the land, he obtained a figure of $89,472.

is necessitated by overtime work in order to avoid interruption of plaintiff's business. I have examined all the moving items and am of the opinion that the plaintiff will need $40,000 to move without interrupting his business. Obviously some inconvenience will be suffered from moving but I can make no allowance for such claim."

The referee concluded, "I am of the opinion that the fair market value of plaintiff's property on taking date was $130,000." The referee's report was reviewed and accepted by a judge of the Superior Court for Hartford County at New Britain. In a judgment dated September 9, 1966, the judge found "that the amount due to the plaintiffs as damages for the taking of said land is $130,000.00 . . . ."

The plaintiff treated the entire condemnation award of $130,000 as a nonseverable receipt in 1966, qualifying in its entirety for deferred recognition of gain under Section 1033 of the Internal Revenue Code of 1954, 26 U.S.C. § 1033(a)(3)(A).[2] Plaintiff's actual moving expenses incurred in connection with the condemnation totaled $18,940.20. The District Director of Internal Revenue determined that the plaintiff received $40,000 from the state for moving expenses and that such sum should be considered as ordinary income to the extent that it exceeded actual moving expenses incurred. He therefore increased the plaintiff's income for 1966 by

$21,059.80. The plaintiff paid the resulting deficiency and interest and filed a timely claim for a refund. The parties agree that if the plaintiff's income for 1966 should not have been increased by $21,059.80, judgment should be entered for the plaintiff in the amount of $10,108.71 in tax and $1,364.01 in interest, plus statutory interest.

## II. THE LEGAL ISSUE

The sole issue presented is whether the District Director of Internal Revenue was justified in increasing the plaintiff's income for 1966 by $21,059.80. In considering this narrow issue, this Court looks to the law of Connecticut in assessing "the nature of the legal interest" which the taxpayer had in the amount awarded as just compensation by the Superior Court judge. Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 82, 60 S.Ct. 424, 84 L.Ed. 585 (1940). The plaintiff's land was condemned pursuant to those sections of the Connecticut General Statutes providing for the acquisition of real property by redevelopment agencies. See Conn.Gen.Stats. §§ 8–128 to 8–133. Connecticut follows the universal rule that just compensation for property taken by condemnation is the fair market value as of the date of taking. It has defined "fair market value" in a standard form: "A generally accepted definition of market value is 'the price that would in all probability—the probability being based upon the evidence in the

2. 26 U.S.C. § 1033 provides, in pertinent part:
"§ 1033. Involuntary conversions
(a) General rule.—If property (as a result of . . . condemnation . . .) is compulsorily or involuntarily converted—
(3) Conversion into money where disposition occurred after 1950.—Into money . . ., the gain (if any) shall be recognized except to the extent hereinafter provided in this paragraph:
(A) Nonrecognition of gain.—If the taxpayer . . ., for the purpose of replacing the property so converted, purchases other property similar or related in service or use to the property so convert-

ed, . . . at the election of the taxpayer the gain shall be recognized only to the extent that the amount realized upon such conversion (regardless of whether such amount is received in one or more taxable years) exceeds the cost of such other property or such stock."
Section 1033 "is a relief provision enacted to allow a taxpayer to replace property involuntarily converted without paying the capital gains tax incident to other exchanges of property. . . . As a relief provision, this section is to be construed liberally to achieve its purpose." John Richard Corp. v. Commissioner of Internal Revenue, 46 T.C. 41, 44 (1966).

case—result from fair negotiations, where the seller is willing to sell and the buyer desires to buy.'" Portland Silk Co. v. Middletown, 125 Conn. 172, 174, 4 A.2d 422, 423 (1939). See United States v. Miller, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336 (1943). In Andrews v. Cox, 127 Conn. 455, 457–458, 17 A.2d 507, 509 (1941), the Connecticut Supreme Court stated the rule governing the factors to be considered in determining the compensation to be paid to owners of land which is condemned:

". . . [I]n determining market values in awarding damages for land taken, it is proper to consider all those elements which an owner or a prospective purchaser could reasonably urge as affecting the fair price of the land; Mississippi & Rum River Boom Co. v. Patterson, 98 U.S. 403, 408 [25 L. Ed. 206]; Sargent v. Merrimac, 196 Mass. 171, 178, 81 N.E. 970; 2 Lewis, Eminent Domain (3d Ed.) p. 1232; Orgel, Valuation under Eminent Domain, p. 192; unless, indeed, the considerations advanced are not a necessary, natural or proximate result of the taking. Meriden v. Zwalniski, 88 Conn. 427, 434, 91A.439; see Orgel, op. cit., p. 200. The determination of the damages to be paid requires the consideration of 'everything by which that value is legitimately affected'; Holley v. Torrington, 63 Conn. 426, 433, 28A.613; Platt v. Milford, 66 Conn. 320, 332, 34A.82, 84; but 'considerations that may not reasonably be held to affect market value are excluded.' Olson v. United States, 292 U.S. 246, 256, 54 S.Ct. 704, 709 [78 L. Ed. 1236]; 18 Am.Jur. 880."

In Harvey Textile Co. v. Hill, 135 Conn. 686, 67 A.2d 851 (1949), the plaintiff's land had been condemned by the defendant highway commissioner. The land and the factory building located upon it were appraised at $42,500. The plaintiff appealed to the Superior Court; the matter was referred to a state referee; and the referee valued the land and building at $42,100. The referee also found that the cost of disassembling, moving and reassembling the machines in the factory would be $5,000. He found that if the plaintiff were entitled to recover for the moving expenses, the damages would properly be $47,100. If the plaintiff were not entitled to recover moving costs, the damages would be $42,100. The trial court awarded damages of $42,100, and the plaintiff appealed. The Connecticut Supreme Court held that the judgment was erroneous and that the damages should have included consideration of the costs of moving, *not* as a separate item, but as one element among "all those elements which an owner or a prospective purchaser could reasonably urge as affecting the fair price of the land." Andrews v. Cox, *supra,* 127 Conn. at 458, 17 A.2d at 852. The court noted,

"Since the statute provides for the recovery of 'all damages' and since everything by which the value is legitimately affected is to be considered, the only remaining question is whether the necessity of removing the machinery legitimately affected the market value of the property."

135 Conn. at 689, 67 A.2d at 852. The court then applied the rule to the specific issue of moving expenses:

"A simple illustration will bring out the application of these principles to the case at bar. An owner would demand a higher price for a factory containing complicated and valuable machinery than he would for the same building idle and empty, because he would be faced with the necessity of moving his machinery to save it. His willingness to sell would be affected by this consideration, which would thus enter into the fixing of a fair market value. It was therefore the duty of the trier to consider this element in arriving at the fair market value, not as a separate specific sum of money to be added to the value of the land but as evidence tending to prove its fair market value."

*Id.* at 689–690, 67 A.2d at 852. See Del Vecchio v. New Haven Redevelopment Agency, 147 Conn. 362, 161 A.2d 190

(1960); Slavitt v. Ives, 163 Conn. 198, 213, 303 A.2d 13 (1972).

■ The plaintiff argues from these cases that the District Director was not justified in considering the moving expenses referred to in the referee's report as an item separate from the value of the land and building and therefore taxable as ordinary income. The force of his contention is evident. The defendant does not cite any case purporting to hold that when, as a matter of law, moving expenses may not be considered as a separate item in computing a condemnation award but may be considered as an element of the fair market value of the land, such expenses may nevertheless be considered a separate item for the purposes of taxation. Rather, the cases upon which the defendant relies stand for the proposition that expenses which *are* separate from the fair market value of the land may be taxed as ordinary income. Thus, in Kieselbach v. Commissioner of Internal Revenue, 317 U.S. 399, 63 S.Ct. 303, 87 L.Ed. 358 (1943), the City of New York had condemned property owned by the taxpayers and worth $58,000. The City took title on January 3, 1933. The final decree in the proceedings was entered on March 31, 1937, and the taxpayers were paid $73,246.57 on May 12, 1937. The difference between the latter sum and the $58,000 value of the property was called "interest" by the Greater New York Charter: it was a sum which the owner of the property was entitled to receive, in addition to the value of the property fixed as of the time of the taking, to produce, when actually paid, the full equivalent of the value. The only issue before the Supreme Court was whether the "interest" amount was a capital gain, as the taxpayers contended, or ordinary income, as the Commissioner

claimed. The Supreme Court held that the "interest" amount was not part of the just compensation for the land taken and therefore was taxable as ordinary income:

> "The sum paid these taxpayers above the award of $58,000 was paid because of the failure to put the award in the taxpayers' hands on the day, January 3, 1933, when the property was taken. This additional payment was necessary to give the owner the full equivalent of the value of the property at the time it was taken. Whether one calls it interest on the value or payments to meet the constitutional requirement of just compensation is immaterial. It is income under § 22, paid to the taxpayers in lieu of what they might have earned on the sum found to be the value of the property on the day the property was taken. It is not a capital gain upon an asset sold under § 117. The sale price was the $58,000. [Footnote omitted.]

> \*   \*   \*   \*   \*   \*

> . . . [P]etitioner contends that as just compensation requires the payment of these sums for delay in settlement, they are a part of the damages awarded for the property. But these payments are indemnification for delay, not a part of the sale price."

317 U.S. at 403–404, 63 S.Ct. at 305. See also Isaac G. Johnson & Co. v. United States, 149 F.2d 851 (2d Cir. 1945).[3]

The defendant also seeks to draw support from Johnston v. Commissioner of Internal Revenue, 42 T.C. 880 (1964), and other cases involving "severance damages." This reliance is misplaced. This Court agrees with the holding in Conran v. United States, 322 F.Supp. 1055 (E.D.Mo.1971), that gain arising from severance damages awarded for condemnation of property qualifies for

3. Graphic Press, Inc., ¶ 60.71 P–H T.C. (Aug. 7, 1973), upon which the defendant also relies, is likewise distinguishable from the instant case. There the court held taxable as ordinary income an amount which constituted consideration for a waiver by the taxpayer of the state's obligation to buy machinery in a condemned factory at a price far in excess of what the state believed it could realize on it. The amount held to be taxable as ordinary income was clearly *not* part of the fair market value of the land condemned.

deferred recognition when used to purchase replacement property. Moreover, regardless of the characterization of moving costs as a separate element of the award in the referee's report, as a matter of Connecticut law the cost of moving was not to be considered as a separate reimbursable item of damages but was only to be one of the considerations properly affecting the fair market value of the land condemned. Harvey Textile Co. v. Hill, *supra*. Accordingly, the Court holds that the plaintiff's income for 1966 should not have been increased by $21,059.80, and judgment should be entered for the plaintiff in the amount of $10,108.71 in tax and $1,364.-01 in interest plus statutory interest.

So ordered.